1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    UNITED STATES OF AMERICA,

11              Respondent,                    No. CR S-89-0062 WBS GGH P

12        vs.

13    MICHAEL L. MONTALVO,

14              Movant.                        <u>FINDINGS & RECOMMENDATIONS</u>

15    _____/

16    <u>*Introduction and Summary*</u>

17              One might assume that after numerous appeals, and motions attacking his

18    conviction, including an appeal from a denied § 2255 motion, movant (Montalvo) would be

19    scratching the bottom of the barrel for cognizable ways to keep his case alive.  In this case

20    Montalvo asserts that the "habeas court [trial court adjudicating his § 2255 motion]," the court

21    invoked by Montalvo, lacked jurisdiction to adjudicate the habeas motion because of an

22    underlying jurisdictional defect in the trial of his case, i.e., the trial court lacked jurisdiction to

23    adjudicate "hypothetical felony" violations without indictments or counts, as the conditions

24    precedent to trigger application of § 848(c).

25              The result of this imaginative motion, as the result obtained in every post-

26    conviction proceeding thus far, should be found adverse to Montalvo, and this Rule 60(b) motion

1

should be recognized for what it is – a successive petition over which this court has no jurisdiction.

*Discussion*

    Background

      The court incorporates its chronology of Montalvo proceedings set forth in the Findings and Recommendations issued August 17, 2000, in the first 28 U.S.C. § 2255 motion:

      In the instant case, Montalvo was convicted on October 19, 1989.  On January 10, 1990, he was sentenced to life in prison.  On October 16, 1991, Montalvo filed his direct appeal, Montalvo I.  While this appeal was pending, Montalvo filed a coram nobis petition asking the district court to dismiss the indictment against him.  This court construed the petition as a § 2255 motion and dismissed it on grounds that the direct appeal was pending.  Montalvo appealed this order, Montalvo II.  On November 30, 1992, the Ninth Circuit dismissed Montalvo II.

      On August 4, 1992, the Ninth Circuit affirmed Montalvo's conviction in Montalvo I and remanded for resolution of a discovery issue raised pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).  The Ninth Circuit also remanded for resentencing, finding that the district court was not sufficiently familiar with the facts of the case.  On December 26, 1992, the district court found that the government's failure to examine the agents' personnel files was harmless error.  On January 14, 1994, Montalvo was resentenced to life imprisonment.  Montalvo appealed this sentence, Montalvo III.

      On November 2, 1994, Montalvo filed a motion for a new trial in this court.  On February 24, 1995, Montalvo withdrew this motion.

      On December 30, 1994, Montalvo filed a motion to correct his sentence under Rule 35(a).  The court denied the Rule 35 motion on February 1, 1995.  When Montalvo appealed, the Ninth Circuit consolidated this appeal with Montalvo III.  On January 3, 1996, the Ninth Circuit denied Montalvo III.  The United States Supreme Court denied certiorari in Montalvo III on October 21, 1996.

1          On February 18, 1997, Montalvo filed two more Rule 35 motions.  On July 2,

2 1997, Montalvo filed another Rule 35 motion.  On September 26, 1997, Montalvo withdrew this

3 last Rule 35 motion.  On October 27, 1997, the district court denied the pending Rule 35

4 motions.  On January 27, 1999, the Ninth Circuit rejected Montalvo's appeal (Montalvo IV) of

5 the denial of these motions.

6          Montalvo filed the original § 2255 motion on October 24, 1997.[1]  The motion

7 proceeded on the 219 page amended motion filed December 16, 1998, and hundreds of pages of

8 exhibits.  In this first 28 U.S.C. § 2255 motion filed, Montalvo raised a plethora of issues, but

9 after having his § 2255 motion denied, Montalvo appealed on only one ground, a jury unanimity

10 issue, see United States v. Montalvo, 331 F.3d 1052 (9th Cir. 2003).  The judgment of the district

11 court was affirmed.  Although raising many issues in his first § 2255 motion, Montalvo did not

12 argue that the district court lacked jurisdiction over his criminal proceedings.

13   Discussion

14      A.  Montalvo Did Not Previously Attack the Subject Matter Jurisdiction of the

15           Trial Court in His Initial § 2255 Motion

16          Despite the government's alternative argument acquiescence in Montalvo's

17 having previously raised a subject matter jurisdiction issue in his first § 2255 motion, the fact of

18 the matter is that no such issue was ever raised, and no such issue was ever ruled upon, in the

19 first § 2255 motion.  Even Montalvo does not argue that such an issue was expressly raised.

20          The undersigned has personally reviewed the operative § 2255 motion, the Second

21 Amended Petition, filed December 16, 1998, and especially pages 63-98.  Subject matter

22 jurisdiction, either directly, or in words which would place any reasonable jurist on notice that

23 subject matter jurisdiction had been raised, was not referenced.  Moreover, this petition was filed

24 by counsel, who would have known full well how to attack the subject matter jurisdiction of the

25

26      [1]  The provisions of the Antiterrorism and Effective Death Penalty Act apply to this §
2255 motion.

1   trial court proceedings, if such had been an object of the § 2255 motion.

2           Montalvo, in this second § 2255 motion, concedes that he did not directly raise the

3   issue.  His rather weak argument is that "[f]our of Montalvo's § 2255 motion issues this court

4   procedurally defaulted, in error, *should have alerted* the habeas court that the trial court and itself

5   lacked Article III subject-matter and original jurisdiction, i.e., the power to adjudicate a claim."

6   Rule 60(b) Motion at 3.  The issues that "should have alerted" the habeas court, and presumably

7   Montalvo's lawyer as well, were jury instruction claims regarding predicate acts (felonies) with

8   Montalvo's ultimate claim that the errors in instruction were structural errors.  Montalvo's last

9   described claim involved the constitutionality of the CCE statute.  <u>See</u> description of the claims

10  in the Rule 60(b) Motion at 3-4.  Of course, the analysis of constitutional or structural error in no

11  way implicates the subject matter jurisdiction of the court allegedly making the error.  There was

12  not a hint that Montalvo was challenging the subject matter jurisdiction of the trial court.[2]

13          Even taking Montalvo's argument at face value demonstrates its paucity.  If the

14  jurisdiction issue had been raised – then it had been raised.  Bringing a claim already raised

15  violates the successive petition bar of § 2255 as much as a claim not raised which should have

16  been.  However, Montalvo thought so little of the purported jurisdictional issue, whether or not

17  the district court reached it, he completely failed to raise it on appeal.  Montalvo can't have it

18  both ways – that the jurisdiction issue was so patent that it should have been adjudicated sua

19  sponte, but it was also so hidden that even Montalvo and his lawyer did not recognize this critical

20  argument in the lower court, and forgot to raise it in the Court of Appeals.

21  \\\\\

22

---

23          [2]  Also, for the reasons set forth by the government, a reasonable jurist would not have
    recognized any subject matter jurisdiction issue because there is no law that supports the
24  argument.  At hearing, the court inquired of Montalvo's counsel, if the jurisdictional issue was
    such a winner why the motion to make a successive petition was not simply filed with the Court
25  of Appeals, in lieu of a circuitous and problematic Rule 60(b) process.  Counsel's substantive
    silence spoke volumes – no motion was made with the Ninth Circuit because there was no merit
26  to the jurisdictional defect argument.

1    In sum, no subject matter jurisdiction issue was raised in the initial § 2255

2    motion.

3    B.    The Court Has No Jurisdiction To Review a Successive Petition On Its Merits

4    Montalvo believes that if he can have the court find that the court lacked

5    jurisdiction over his first § 2255 motion because of a lack of jurisdiction during his trial, the

6    entire conviction would ultimately have to be vacated.  Montalvo entices the court to tackle the

7    merits of his problematic claim.  It is not really the jurisdiction of the § 2255 adjudication which

8    he challenges, but the jurisdiction of the district court during his trial.  This rather discernible trap

9    has no merit.  The court cannot begin to adjudicate Montalvo's contentions (which predictably

10   lack merit) if this attack is in truth a successive petition wrapped in a Fed. R. Civ. P 60(b) rubric.

11   This court has no jurisdiction to review a successive petition unless the Ninth Circuit permits the

12   successive petition.  See 28 U.S.C. § 2255; Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir.

13   2001) (§ 2254 petition); United States v. Allen, 157 F.3d 661, 668 (9th Cir. 1998).

14   Under Rule 60(b), a party may seek relief from judgment and to re-open his case

15   in limited circumstances, "including fraud, mistake, and newly discovered evidence."  Gonzalez

16   v. Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46 (2005).  Rule 60(b)(4) applies where the

17   [§ 2255] "judgment is void."  Under Rule 60(b)(6), the catchall avenue by which petitioner also

18   seeks to proceed to reopen his case, one must demonstrate "any... reason justifying relief from the

19   operation of the judgment" in situations that are not addressed by the specific circumstances

20   delineated in Rule 60(b)(1)-(5).  Gonzalez v. Crosby, 545 U.S. 524, 528-529, 125 S. Ct. 2641,

21   2646 (2005).

22   A purported Rule 60(b) motion seeking to reopen the judgment of an initial

23   habeas petition brought pursuant to 28 U.S.C. § § 2254, 2255 is in essence a successive petition,

24   under 28 U.S.C. § 2244(b) where it *"seeks to add a new ground for relief,"* or "if it attacks the

25   federal court's previous resolution of a claim on the merits..."  Gonzalez, at 532, 125 S. Ct. at

26   2648 [emphasis added].  "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief

5

1   from a state court's judgment of conviction." Id., at 530, 125 S. Ct. at 2647.

2   Of course, this court, in habeas, had jurisdiction to adjudicate the first § 2255

3   motion because the statute gives it such jurisdiction – even for the very purpose of determining

4   whether the trial court lacked jurisdiction.  Assertions of lack of jurisdiction in the underlying

5   case are cognizable in a § 2255 motion.  28 U.S.C. § 2255; United States v. Wilcox, 640 F.2d

6   970, 972 (9th Cir. 1981)[3].  If this were not the case, in a situation where a defendant had not

7   raised the jurisdictional defect on direct appeal, there would be no way ever for the defect to be

8   raised because under Montalvo's present *Catch 22* theory, the court adjudicating the first § 2255

9   motion raising a lack of trial court jurisdiction would never have habeas jurisdiction to review

10  the alleged defect.  Clearly, this court had jurisdiction to review any charge of lack of trial court

11  jurisdiction *in the first § 2255 motion*, if only Montalvo had decided to raise it at that time.

12  Montalvo's present theory that his Rule 60(b) motion is appropriate because the first § 2255

13  adjudication itself was inherently defective from a jurisdictional standpoint has no merit.  His

14  ultimate claim that the trial court lacked jurisdiction is "another claim," in the words of

15  Gonzales, attacking his criminal judgment which could have, and should have, been brought in

16  the first § 2255 motion.

17  Since the district court had clear jurisdiction to review allegations of subject

18  matter jurisdiction defects in the first § 2255 motion, the issue becomes whether this court has

19  jurisdiction to review such allegations in a second § 2255 motion without permission of the

20  Ninth Circuit to do so.  As discussed above, it does not, and this court may not reach the merits

21  of Montalvo's jurisdictional-defect-in-the-indictment allegations.[4]

22  \\\\\\

---

24  [3]  Of course, a lack of jurisdiction "to impose such sentence," and if the "judgment was rendered without jurisdiction," § 2255, refers to a lack of jurisdiction at any stage of the  criminal proceedings which would nullify the judgment.

26  [4]  The government's brief clearly and cogently disposes of the jurisdiction defect allegations; however, no ruling can be made on the merits herein.

*Conclusion*

Montalvo's second § 2255 motion, brought in the guise of a Fed. R. Civ. P. 60(b) motion, should be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  3/23/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:ggh:035
mont0062.f&r

7