1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11          Respondent,                        No. CR S-89-0062 WBS GGH P

12       vs.

13   MICHAEL L. MONTALVO,                      AMENDED

14          Movant.                            FINDINGS & RECOMMENDATIONS

15   _____/        AND ORDER[1]

16   *Introduction and Summary*

17          Believing that federal criminal actions are always open to collateral attack, if one

18   only chooses the right words or procedural vehicle, defendant Montalvo brings his fifth Fed. R.

19   Crim. Pro. 35 motion (having also made multiple appeals and 28 U.S.C. § 2255 motions) to

20   overturn his "sentence."   This motion should be dismissed.

21          As to a second matter referred to the undersigned, Montalvo filed objections to the

22   Findings and Recommendations regarding Montalvo's successive 28 U.S.C. § 2255 motion

23   (brought under the rubric of a Fed. R. Civ. P 60(b) motion).  Within the course of that objection

24   process, Montalvo brought a Motion to Bifurcate at Oral Argument [on objections] the Issues of

25   _____

26          [1]Amending language only, and inserting for the Rule 35 F & Rs "dismissed" for "denied".

1

1   Civil Rule 60(b) etc.  This specific motion was referred to the undersigned.  However, because

2   the district judge issued a final order adopting the Findings and Recommendations and

3   dismissing the motion (thereby declining to hold oral argument), Montalvo's "Birfurcation"

4   motion is moot.  Except as set forth in the footnote below, nothing more will be said on this

5   motion.[2]

6   *Procedural Facts*

7          The multitudinous post-trial procedural history of this case has been well set forth

8   in the opposition filed by the United States and will not be repeated; it is merely summarized

9   here – six appeals, two § 2255 motions, five Rule 35 motions, and countless sub-motions within

10  those proceedings.  Suffice it to say that the present Rule 35 motion is the fifth motion filed, and

11  even within the "fifth" motion there have been four iterations or amendments.  As provided in

12  the court order of June 22, 2007, the amended motion filed May 4, 2007 (Docket # 1010) is the

13  operative Rule 35 motion which will be addressed.

14  *Discussion*

15         Montalvo's Rule 35 motion raises several issues, all but one of which raise the

16  same point in a multitude of ways – the contention that the sentencing judge utilized facts which

17  should have been determined by a jury:

18         a. Montalvo's sentencing violated  Blakely v. Washington [542 U.S. 296, 124 S.

19

20        [2]  Despite Montalvo's repetitive assertions that there were "ordinary" 2255 issues which
    were successive, and "Rule 60(b)" issues which were not, the point of the Findings and
21  Recommendations, adopted by the district judge, was that *all* of the issues were successive no
    matter how denominated by Montalvo.  Repetition of a supposed dichotomy in subsequent
22  motions will not change this fact.
          Montalvo has also, pursuant to Fed. R. Civ. P. 59(e), filed a motion for reconsideration of
23  the final order of the district judge dismissing the successive § 2255 motion.  The Motion to
    "Birfurcate" cannot apply to such a motion because that reconsideration motion is most probably
24  untimely, and presumably will be dismissed on that basis.  (Not counting weekends, the tenth and
    final day for filing the motion for reconsideration under Rule 59(e) was June 13, 2007.  The
25  filing on June 14 (docket number 1020) is untimely.)   The three day mail provisions of Rule 6
    are inapplicable to a Rule 59(e)  motion.  Parker v. Board of Public Utilities of Kansas City, 77
26  F.3d 1289, 1291 (10th Cir. 1996).

1    Ct. 2531 (2004)];

2              b. the sentencing court lacked jurisdiction because the re-sentencing facts were

3    "hypothetical felonies" which had not been indicted or proved to a jury;

4              c. the Double Jeopardy Clause was violated when the re-sentencing court utilized

5    the additional "felonies;"

6              d. the sentence was unconstitutional because the judge determined facts, i.e., the

7    end date of the conspiracy;

8              e. use of the "other felonies" at re-sentencing never charged in an indictment was

9    structural error;

10             f. Montalvo did not have retained counsel of his choice at re-sentencing.

11             The government is correct that Rule 35 does not provide a mechanism for review

12   of any of Montalvo's claims, nor should that Rule act as an omnipresent litigation wild card

13   available to a defendant whenever, and however many times, he chooses to play it.

14             As the District Judge has written for a previous Rule 35 motion: "[b]ecause

15   defendant's offenses were committed prior to November 1, 1987, the pre-Guidelines version of

16   Rule 35 applies to defendant's motion."  Order June 3, 2003.  Under that version, "'[t]he court

17   may correct an illegal sentence at any time....'"  Id.

18             The term "illegal sentence," however does not refer to any and every error at trial

19   or sentencing that allegedly infects the sentence.  For example, where one claims, as Montalvo

20   does here, that the trial court lacked jurisdiction to impose a sentence:

21       Where a defendant seeks to attack the basis for his conviction, the district court
         may properly construe the defendant's Rule 35 motion as a motion under 28
22       U.S.C. § 2255. United States v. Brown, 413 F.2d 878, 879 (9th Cir.1969), cert.
         denied, 397 U.S. 947, 90 S.Ct. 965, 25 L.Ed.2d 127 (1970). The court should do
23       so where-as here-the defendant alleges that the court lacked jurisdiction to impose
         the sentence, because "a Rule 35 proceeding contemplates the correction of a
24       sentence of a court having jurisdiction," whereas "jurisdictional defects .... must
         ordinarily be presented under 28 U.S.C. § 2255." Gilinsky v. United States, 335
25       F.2d 914, 917 (9th Cir.1964). Thus, the district court properly treated Mathews'
         motion as a motion under section 2255.

26

1   United States v. Mathews, 833 F.2d 161, 163 (9th Cir. 1987).[3]

2   The government has correctly interpreted Hill v. United States , 368 U.S. 424, 82 S. Ct. 468

3   (1962) which limited "illegal" sentences to those which were illegal on their *face* as to their

4   *terms*.  Id. at 430, 82 S. Ct. at 472.  Indeed, the Hill case was the precipitating factor in amending

5   Rule 35 to specify a 120 day window to challenge the *manner* in which the sentence was

6   imposed.  Advisory Committee Notes to Rule 35, 1966 amendment.  See also United States v.

7   Weichert, 836 F.2d 769, 772 (2nd Cir. 1988).  Of course, the manner in which Montalvo's

8   sentence was imposed , i.e., where the judge was the factfinder in lieu of a jury, is precisely the

9   assertion that runs throughout Montalvo's most recent Rule 35 motion with the exception of his

10  retained counsel assertion.  "If the Court must go 'behind the scenes' and examine the validity of

11  the findings or proceedings that led to the sentence, it must proceed under the [120 day]

12  alternative provision in Rule 35(a) that governs sentences imposed 'in an illegal manner.'"

13  Government Opposition at 6 citing United States v. Johnson, 988 F.2d  941, 943 (9th Cir. 1993).

14  "'An illegal sentence may be corrected at any time, but a motion to...correct a sentence imposed

15

16      [3]  The undersigned has previously found that the jurisdictional defect alleged herein
    should have been brought in the *first* § 2255 motion, and thereafter, a second § 2255 motion

17  alleging a jurisdictional defect would be barred in the district court as a successive petition.
    Montalvo's assertion that a jurisdictional defect is always open to review has long ago been

18  repudiated.
                A party that has had an opportunity to litigate the question of subject-matter

19          jurisdiction may not, however, reopen that question in a collateral attack upon an
            adverse judgment. It has long been the rule that principles of res judicata apply to

20          jurisdictional determinations-both subject matter and personal. See Chicot County
            Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329

21          (1940); Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938).
    Insurance Co. of Ireland v. Compagnie Bauxites etc, 456 U.S. 694, 702 (n.9), 102 S,Ct. 2099,

22  2104 (1982).  By statute, a criminal defendant is given one opportunity to challenge collaterally a
    defect in the court's jurisdiction, and thereafter, unless excused by the Ninth Circuit in terms of

23  permitting a successive § 2255 petition, the issue of a defect in subject matter jurisdiction has
    been waived.

24          And of course, if one could have raised the issue but did not, the issue of subject matter
    jurisdiction still may not be raised outside of the ordinary process for contesting such.  Chicot

25  County, supra.
            Thus, there is no cause to treat the instant claim as one brought pursuant to 28 U.S.C. §

26  2255– the court has been there and adjudicated that.

1   in an illegal manner must be made within the 120-day period prescribed by Rule 35.'" <u>Johnson</u> at

2   943 quoting <u>United States v. Stump</u>, 914 F.2d 170, 172 (9th Cir. 1990) which in turn cites <u>United</u>

3   <u>States v. Fowler</u>, 794 F.2d 1446, 1449 (9th Cir. 1986) for the same proposition.  <u>See</u> also <u>United</u>

4   <u>States v. Hovsepian</u>, 359 F.3d 1144, 1153 (9th Cir. 2004) (en banc) citing <u>Johnson</u> with

5   approval.[4]  And this is so no matter how Montalvo purports to label his legal theories, e.g,

6   jurisdiction, double jeopardy, structural error, constitutional violation.  When one looks behind

7   the labels, Montalvo's contention that the sentencing judge decided facts he should not have, a

8   <u>Blakely</u> issue, is the singular contention made.

9          With respect to the claim that Montalvo was denied the right to proceed with

10  retained counsel citing <u>United States v. Gonzalez</u>, 548 U.S. __, 126 S. Ct. 2557 (2006), such a

11  claim requires that the court go behind the scenes, possibly hold an evidentiary hearing, and

12  adjudicate the matter.  The claim is the antithesis of a facial claim that a sentence is illegal; it

13  again involves the procedures at issue during sentencing.  Moreover, Montalvo concedes that he

14  raised this argument long ago.  Montalvo's assertions that the Court of Appeals in previous

15  appeals missed his real argument, or decided it incorrectly, is the stuff of which motions for

16  rehearing are made.  They are not the stuff of years later collateral attack.

17          Montalvo's omnibus theory – if the manner of sentencing is illegal, the sentence is

18  "illegal" and challengeable at "any time" – also falls victim to common sense.  A great deal of

19  jurisprudence has grown up around the principle of retroactivity on collateral review of Supreme

20  Court decisions.  <u>See</u> e.g., <u>Teague v. Lane</u>, 489 U.S. 288, 109 S. Ct. 1060 (1989), and its

21  progeny.  For example, the principles of <u>Blakely</u> (an error which if existing affects the legality of

22  the manner of sentencing, have been determined *not* to be retroactive to cases on collateral

23

_____

24      [4]  Who decides the sentencing facts – judge or jury, is a manner of sentencing issue.  <u>See</u>
    also <u>United States v. Peltier</u>, 446 F.3d 911, 913 (8th Cir. 2006) (defective jurisdiction allegation
25  in near thirty year old case not reviewable on a Rule 35 motion); <u>United States v. Willis</u>, 804
    F.2d 961, 964 (6th Cir. 1986) (claims of ineffective assistance of counsel, invalid guilty plea, and
26  error in not allowing withdrawal of guilty plea not cognizable under Rule 35).

1    review).  Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005);  United States v. Cruz, 423 F.3d 1119

2    (9th Cir. 2005) (Booker error).  It challenges common sense to believe that simply because one

3    utters the  words "Rule 35," all of this manner-of-sentencing jurisprudence flies out the window,

4    and *all* recently decided Supreme Court cases, including Blakely, are potentially applicable, even

5    if, as in the case of Montalvo, they have been decided 10 or more years after final, appellate

6    direct review.  And, this sleight of hand may occur simply because a lawyer can somehow craft a

7    pleading which alleges that an error of constitutional magnitude infected the sentence thereby

8    making it "illegal."  Nor, according to Montalvo, does it matter when in the proceedings the error

9    occurred; here Montalvo alleges, in part, that the error which affected the sentence occurred as

10   early as the indictment.  One might wonder what the purpose of Teague would be since every

11   significant error could easily be phrased as one "affecting the sentence," and fit a due process or

12   other Constitutional rubric.  This is why Rule 35 has been interpreted narrowly to apply only to

13   illegality in the *substance* of sentencing errors.  Correcting all possible errors which affect a

14   sentence's "legality" "at any time" would work a finality mischief that no rules draftsman would

15   permit.  See United States v. Comarovschi, 359 F. Supp. 2d. 532 (W.D. Va. 2005) refusing to

16   apply United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005) retroactively on a Rule 35

17   motion.

18           By the very terms of Rule 35 then in effect at the time the crimes of conviction

19   were committed, the undersigned has no doubt that errors on the face of the sentence or

20   substantive constitutional errors are reviewable "at any time."  See also cases cited by Montalvo

21   post-dating the inclusion of the 120 day "manner of sentencing" provisions of Rule 35.

22   However, that very narrow species of error is not at issue in this fifth Rule 35 motion.

23   *Conclusion*

24           IT IS HEREBY ORDERED that the Motion to Bifurcate, etc., filed May 24, 2007,

25   is denied as moot:

26           IT IS HEREBY RECOMMENDED that Montalvo's Amended Motion to Correct

1   an Illegal Sentence filed May 4, 2007, should be dismissed, and the merits of the

2   contentions should not be reached.[5]

3                     These findings and recommendations are submitted to the United States District

4   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within <u>ten</u> days

5   after being served with these findings and recommendations, any party may file written

6   objections with the court and serve a copy on all parties.  Such a document should be captioned

7   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8   shall be served and filed within <u>five</u> days after service of the objections.  The parties are advised

9   that failure to file objections within the specified time may waive the right to appeal the District

10  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11  DATED:   6/28/07

                                                          /s/ Gregory G. Hollows

12                                                       _____
                                                          UNITED STATES MAGISTRATE JUDGE

13  GGH:gh:035
    mont0062.f&r2

14

15

16

17

18

19

20

21

22

23

---

24       [5]  The undersigned agrees with the government that Montalvo's repeated, and seemingly
    never ending, challenges should not be decided on their merits in the alternative, as Montalvo has
25  no right to abuse his right of access to the courts.  Judicial resources are a zero sum game.  The
    court's constant attention to the 1989 Montalvo case jeopardizes its ability to pay due attention to
26  the claims of other litigants.

7