IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Respondent,                            No. CR S-89-0062 WBS GGH P

    vs.

MICHAEL L. MONTALVO,

      Movant.                                <u>ORDER</u>

_____/

        Movant, represented by counsel, has appealed the dismissal, on August 7, 2007, of his 28 U.S.C. § 2255 (amended) motion to vacate his conviction and sentence.  The Ninth Circuit has, by facsimile transmission, remanded this matter to the district court for the limited purpose of granting or denying a certificate of appealability (COA).  Should this court determine that a COA should issue, it is further directed to specify the issue or issues that meet the required showing, pursuant to 28 U.S.C. 2253(c)(3); <u>United States v. Asrar</u>, 116 F.3d 1268, 1270 (9th Cir. 1997).

        Notwithstanding the fact that movant is represented and his counsel filed a timely notice of appeal, counsel did not file a request for a certificate of appealability setting forth the issue(s) for which an appeal was sought.  <u>Petrocelli v. Angelone</u>, 248 F.3d 877, 883 (9th Cir. 2001) ("[E]ach issue sought to be appealed under AEDPA must be ruled on separately by the

district court, or the Court of Appeals, *on the request for a COA*." [Emphasis added.]  In the case cited by the Ninth Circuit in its remand herein, the following is stated:

> Upon the filing of a notice of appeal *and a request for a certificate of appealability*, the district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted. 28 U.S.C. § 2253(c)(3).

<u>Asrar</u>, <u>supra</u>, at 1270 [emphasis added].

While <u>Asrar</u>, at 1270, also states that "[i]f no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate," there does not appear to be a reason, when a petitioner or movant is proceeding with counsel, the district court should not require an express request for a COA, along with a notice of appeal.

In any case, movant, through his counsel, must file a request for a COA within five days, which specifies those issues for which movant believes he "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED: 10/29/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
mont0062.app

2