UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

MICHAEL L. MONTALVO,

        Defendant.
_____/

NO. CIV. 97-2015 WBS GGH
NO. CR. 89-062 WBS GGH

ORDER

----oo0oo----

        Presently before the court is defendant Michael L. Montalvo's motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b).

        Federal Rule of Civil Procedure 60(b)(4) permits the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void." A judgment is void for purposes of Rule 60(b)(4) "<u>only if</u> the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." <u>In re Sasson</u>, 424 F.3d 864, 876 (9th Cir. 2005) (quoting <u>United States</u>

1

1 v. Berke, 170 F.3d 882, 883 (9th Cir. 1999)).

2     Montalvo contends that the Court of Appeals' decision
3 affirming this court's denial of his petition under 28 U.S.C. §
4 2255 (United States v. Montalvo, 331 F.3d 1052, 1059 (9th Cir.
5 2003) (per curiam)) is void because that court violated the
6 "cross-appeal rule."  See Greenlaw v. United States, 128 S. Ct.
7 2559, 2564 (2008) ("Under that unwritten but longstanding rule,
8 an appellate court may not alter a judgment to benefit a
9 nonappealing party. . . . [I]t takes a cross-appeal to justify a
10 remedy in favor of an appellee.").  He also argues that the Court
11 of Appeals acted in a manner inconsistent with due process by
12 finding him "'necessarily guilty' of felony drug offenses"
13 without an indictment or jury trial.  (Def.'s Reply 12.)

14     This court, however, has no jurisdiction to review
15 orders of the Court of Appeals.  See Sasson, 424 F.3d at 871
16 ("[F]ederal district courts are courts of original, not
17 appellate, jurisdiction." (citing 28 U.S.C. §§ 1331, 1332)); see
18 also Peterson v. Brooks, No. 07-2442, 2008 WL 4072700, at *4
19 (E.D. Pa. Aug. 29, 2008) ("To the extent that petitioner seeks to
20 reopen the judgment of the Third Circuit, the motion is denied.
21 This Court has no jurisdiction to review orders of the Court of
22 Appeals.").  Accordingly, the court must reject Montalvo's
23 arguments under Rule 60(b)(4).

24     Montalvo also requests relief from judgment pursuant to
25 Rule 60(b)(5), which applies where "the judgment . . . is based
26 on an earlier judgment that has been reversed . . . or applying
27 it prospectively is no longer equitable."  This provision,
28 however, "applies only to those judgments that have prospective

2

application." Harvest v. Castro, 531 F.3d 737, 748 (9th Cir. 2008). A judgment has prospective application if "it is executory or involves the supervision of changing conduct or conditions." Id. (quoting Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir. 1995)). Under this standard, the dismissal of Montalvo's § 2255 motion was not a judgment having prospective application. See Maraziti, 52 F.3d at 254 ("That plaintiff remains bound by the dismissal is not a 'prospective effect' within the meaning of rule 60(b)(5) . . . ." (quoting Gibbs v. Maxwell House, 738 F.2d 1153, 1155-56 (11th Cir. 1984))). Accordingly, the court also rejects Montalvo's arguments under Rule 60(b)(5).

Montalvo finally requests relief from judgment pursuant to Rule 60(b)(6), which provides that a court may provide such relief "for . . . any other reason [in addition to those categories specified in Rules 60(b)(1)-(5)] justifying relief from the operation of the judgment." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1102 (9th Cir. 2006) (quoting Fed. R. Civ. P. 60(b)(6)) (alteration in original). "Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is 'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" Id. (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)).

To support his claim under Rule 60(b)(6), Montalvo proffers the same legal grounds he provided pursuant to subdivisions (b)(4) and (b)(5). (See Mot. for Relief 14-15.) "A

3

motion brought under [Rule] 60(b)(6)," however, "must be based on grounds other than those listed in the preceding clauses." Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986) (citing Corex Corp. v. United States, 638 F.2d 119, 121 (9th Cir. 1981)); see Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 n.8 (9th Cir. 2002) ("Clause 60(b)(6) is a 'catch-all' clause that is read as being exclusive of the other grounds for relief listed in Rule 60."). Montalvo fails to provide any "extraordinary circumstance" to justify relief under Rule 60(b)(6).

IT IS THEREFORE ORDERED that Montalvo's motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b), filed September 2, 2008, be, and the same hereby is, DENIED.

DATED: November 17, 2008

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4