UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

MICHAEL L. MONTALVO,

        Defendant.

                                /

NO. CR. 89-062 WBS GGH

ORDER

----oo0oo----

        Presently before the court is Michael L. Montalvo's motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Montalvo requests that this court reconsider its December 16, 2008 Order denying his motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).

        "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch.

1

Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).

Montalvo does not present newly discovered evidence or assert that there has been an intervening change in controlling law.  Rather, Montalvo contends that the court committed clear error by not discussing a "second ground for Rule 59(e) reconsideration," namely that a district court is not precluded from reaching issues in a motion pursuant to Federal Rule of Civil Procedure 60(b) that the court of appeals previously did not address.  In so arguing, Montalvo urges the court to determine whether the Government's failure to file a cross-appeal divested the court of appeals of jurisdiction over certain issues in United States v. Montalvo, 331 F.3d 1052 (9th Cir. 2003).

A district court presented with a Rule 60(b) motion may address issues that were not and could not have been before the court of appeals.  See, e.g., United States v. Kellington, 217 F.3d 1084, 1093 (9th Cir. 2000); F.D.I.C. v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998).  However, whether a court of appeals had jurisdiction in a particular case is not such an issue.  Indeed, by rendering its judgment in the instant case, the court of appeals impliedly determined that it had jurisdiction to do so.  Stoll v. Gottlieb, 305 U.S. 165, 171-72 (1938) ("Every court in rendering a judgment tacitly, if not expressly, determines its jurisdiction over the parties and the subject matter."); accord Loe v. State Farm Ins. Cos., No. 96-01381, 2000 WL 1507448, at *1 (9th Cir. Oct. 10, 2000) ("[W]hen a federal court renders a judgment, it has impliedly determined that it has jurisdiction.").  Therefore, as made plain in its

2

1  November 17, 2008 Order denying Montalvo's Rule 60(b) motion,
2  this court is powerless to review the court of appeals'
3  determination of its own jurisdiction.  Accordingly, the court
4  must deny Montalvo's motion for reconsideration.
5        In addition, even if the court could address whether
6  the Government's failure to file a cross-appeal divested the
7  court of appeals of jurisdiction, Montalvo's argument would fail.
8  As the Ninth Circuit has long held, "a protective or cross-appeal
9  is only the 'proper procedure,' not a jurisdictional prerequisite
10 once an initial appeal has been filed."  <u>Mendocino Envtl. Ctr. v.
11 Mendocino County</u>, 192 F.3d 1283, 1298 (9th Cir. 1999) (quoting
12 <u>Bryant v. Technical Research Co.</u>, 654 F.2d 1337, 1341-42 (9th
13 Cir. 1981)); <u>Snider v. Sherman</u>, No. 03-6605, 2007 WL 1174441, at
14 *17 (E.D. Cal. Apr. 19, 2007) (Wanger, J.) ("[A] notice of
15 cross-appeal is a rule of practice that can be waived at the
16 court's discretion, rather than a jurisdictional requirement."
17 (citing <u>Mendocino County</u>, 192 F.3d at 1298)); <u>see</u>
18 <u>Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.</u>, 476
19 F.3d 701, 705 (9th Cir. 2007) ("[A] late notice of cross-appeal
20 is not fatal because the court's jurisdiction over the
21 cross-appeal derives from the initial notice of appeal.").
22       IT IS THEREFORE ORDERED that Montalvo's motion for
23 reconsideration of this court's order denying his motion for
24 reconsideration be, and the same hereby is, DENIED.
25 DATED:  January 9, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE