UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

MICHAEL L. MONTALVO,

        Defendant.
                                     /

NO. CR. 89-062 WBS GGH
CCA No. 09-15319

<u>ORDER DENYING A CERTIFICATE OF APPEALABLIITY</u>

----oo0oo----

        On January 23, 2009, Michael L. Montalvo filed a notice of appeal from this court's rulings on his motions dated September 2, 2008; December 1, 2008; and January 5, 2009. (Docket Nos. 1050, 1058, 1060.)  Upon the Order of Appellate Commissioner Peter L. Shaw, the court will construe his notice of appeal as a request for a certificate of appealability ("COA") on the claims raised in these motions.  <u>See</u> <u>United States v. Asrar</u>, 116 F.3d 1268, 1270 (9th Cir. 1997) ("If no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a [COA].").

Montalvo's first motion sought relief from the final judgment of his habeas proceeding pursuant to Federal Rule of Civil Procedure 60(b), and his subsequent motions sought reconsideration of the court's denial of that motion. Pursuant to Lynch v. Blodgett, 999 F.2d 401, 403 (9th Cir. 1993), a COA is required in order to appeal from the denial of a Rule 60(b) motion that sought relief from the judgment of a previous habeas proceeding.

In denying Montalvo's Rule 60(b) motion dated September 2, 2008, this court concluded that it did not have the authority to reverse the Ninth Circuit's decision in United States v. Montalvo, 331 F.3d 1052 (9th Cir. 2003) (per curiam). Therefore, because Montalvo's motion "was dismissed on procedural grounds," the determination of whether a COA should issue requires consideration of "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

Under Slack, a COA should issue "when the prisoner shows, at least, that [(1)] jurists of reason would find it debatable whether the [motion] state[d] a valid claim of the denial of a constitutional right and that [(2)] jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484. Each component "is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485.

The court has reviewed Montalvo's motion dated
September 2, 2008, and concludes that "jurists of reason" would
not "find it debatable" that this court lacked the authority to
declare that the Ninth Circuit did not have jurisdiction to
consider whether the failure to instruct the jury in accordance
with United States v. Richardson, 526 U.S. 813 (1999), was
harmless error.  See Montalvo, 331 F.3d at 1056-59.
             Accordingly, the court will not grant the Certificate
of Appealability.  The Clerk of this court is directed to send a
copy of this Order to the Clerk of the United States Court of
Appeals for the Ninth Circuit.
             IT IS SO ORDERED.
DATED:  April 1, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE