1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11

12  UNITED STATES OF AMERICA,
                                    NO. CR. 89-62 WBS GGH
13            Plaintiff,
                                    ORDER
14       v.

15  MICHAEL L. MONTALVO,

16            Defendant.
    _____/

17

18                         ----oo0oo----

19            A jury convicted Michael L. Montalvo of engaging in a

20  continuing criminal enterprise ("CCE"), 21 U.S.C. § 848, and the

21  court sentenced him to life imprisonment.  Defendant subsequently

22  brought a motion to vacate, set aside, or correct his sentence

23  pursuant to 28 U.S.C. § 2255.  The court denied his motion, and

24  the court of appeals affirmed.  Defendant then sought relief from

25  that judgment pursuant to Federal Rule of Civil Procedure 60(b),

26  and the court denied his motion, as well as two subsequent

27  motions for reconsideration.  Defendant now moves once more for

28

1

1  reconsideration of the denial of his Rule 60(b) motion.[1]

2  I.    Factual and Procedural Background

3        In Richardson v. United States, the Supreme Court held

4  that in order to find a defendant guilty under the CCE statute,

5  the jury "must unanimously agree not only that the defendant

6  committed some 'continuing series of violations[,]' but also that

7  the defendant committed each of the individual 'violations'

8  necessary to make up that 'continuing series.'"  526 U.S. 813,

9  815 (1999).  Since defendant was convicted before the Court

10 decided Richardson, the jury did not receive the instruction that

11 Richardson now requires.  (See United States v. Montalvo, No.

12 89-062, Mag. Judge's Findings & Recs. 36, adopted in full, Docket

13 No. 889 (E.D. Cal. July 11, 2001).)

14        Defendant subsequently brought a motion to vacate, set

15 aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

16 (Id. at 1-2.)  This court found that while the failure to

17 instruct the jury pursuant to Richardson was not harmless error,

18 defendant's claim was precluded by the anti-retroactivity

19 principle of Teague v. Lange, 489 U.S. 288 (1989).  (See id. at

20 39-40.)  Defendant then filed an appeal challenging the court's

21 conclusion that Richardson was not retroactive; the government

22 opposed the appeal, but did not file a cross-appeal addressing

23 the harmless-error issue.  (Def.'s Mot. for Relief (Docket No.

24 1050) at 2; see Pl.'s Mot. to Dismiss (Docket No. 1052) at 3-4.)

25

26       [1]    Defendant has described the instant motion as a
   "Request for Judicial Notice of Phelps v. Alameida[,] No[.] 07-
27 15167 (9th Cir. June 25, 2009) that Overrules Order of Denial on
   November 17, 2008, and Authorizes This Motion for Relief from
28 that Order by Fed. R. Civ. P[.] 60(b)(6)."

1 The court of appeals affirmed this court's order, but on

2 different grounds; it found that <u>Richardson</u> applied

3 retroactively, but the failure to give the instruction to the

4 jury was harmless error.  <u>United States v. Montalvo</u>, 331 F.3d

5 1052, 1059 (9th Cir. 2003) (per curiam).

6       Defendant subsequently brought a motion for relief from

7 final judgment pursuant to Rule 60(b) of the Federal Rules of

8 Civil Procedure.  In that motion, defendant cited <u>Greenlaw v.</u>

9 <u>United States</u>, 128 S. Ct. 2559 (2008), to argue, <u>inter alia</u>, that

10 due to the government's failure to file a cross-appeal, the court

11 of appeals was without jurisdiction to determine whether the

12 <u>Richardson</u>-error was harmless.  Therefore, defendant argued, the

13 judgement of the court of appeals was "void" under Rule 60(b)(4).

14 Defendant reiterated the same or substantially similar arguments

15 under Rule 60(b)(5) and (6).

16       In an Order issued on November 17, 2008, this court

17 denied defendant's motion; as to defendant's argument pursuant to

18 Rule 60(b)(4), the court specifically held that it had "no

19 jurisdiction to review orders of the [c]ourt of [a]ppeals" and to

20 adjudge them "void."  <u>United States v. Montalvo</u>, No. 97-2015,

21 2008 WL 4937624, at *1 (E.D. Cal. Nov. 17, 2008) (citing <u>In re</u>

22 <u>Sasson</u>, 424 F.3d 864, 876 (9th Cir. 2005); <u>Peterson v. Brooks</u>,

23 No. 07-2442, 2008 WL 4072700, at *4 (E.D. Pa. Aug. 29, 2008)).

24 The court subsequently denied two motions for reconsideration

25 filed by defendant, as well as his request for a certificate of

26 appealability.

27       Presently before the court is defendant's motion for

28 reconsideration of the court's November 17, 2008 Order in light

1  of <u>Phelps v. Alameida</u>, 569 F.3d 1120 (9th Cir. 2009).

2  II.  <u>Discussion</u>

3          In <u>Phelps</u>, the Ninth Circuit clarified the "analytical

4  approach[] to Rule 60(b)(6) motions."  <u>Id.</u> at 1134-35.

5  Previously, Ninth Circuit precedent instructed that Rule 60(b)(6)

6  could never provide relief due to subsequent changes in governing

7  law.  <u>See</u> <u>Tomlin v. McDaniel</u>, 865 F.2d 209, 210 (9th Cir. 1989)

8  (affirming the denial of a Rule 60(b)(6) motion because "the

9  judgment [at issue] . . . became final <u>before</u> the laws changed").

10 <u>Phelps</u>, however, recognized that this <u>per se</u> rule was

11 inconsistent with the Supreme Court's decision in <u>Gonzalez v.</u>

12 <u>Crosby</u>, 545 U.S. 524 (2005), which "did <u>not</u> hold that denial of

13 the motion was required because it rested on a subsequent change

14 in the law."  569 F.3d at 1132.  Instead, the Supreme Court

15 affirmed the denial of a Rule 60(b)(6) motion because it "did not

16 exhibit the 'extraordinary circumstances' required to grant Rule

17 60(b)(6) relief."  <u>Id.</u>  Because the analyses of <u>Tomlin</u> and

18 <u>Gonzalez</u> were thus "clearly irreconcilable," the Ninth Circuit in

19 <u>Phelps</u> concluded that "<u>Tomlin</u>'s <u>per se</u> approach has been

20 overruled" and that a "'case by case inquiry' is required."  <u>Id.</u>

21 at 1133-34.

22          Defendant's reliance on <u>Phelps</u> appears to be two-fold.

23 First, defendant appears to contend that <u>Phelps</u> is itself an

24 intervening change in the governing law and, under its own

25 holding, should direct the court to revisit its November 17, 2008

26 Order.  In other words, defendant argues that <u>Phelps</u> is an

27 intervening change in the law that governs intervening changes in

28 the governing law.  Second, defendant contends that since <u>Phelps</u>

4

1  implicitly contemplates that district courts can re-open cases

2  that have been previously adjudicated by appellate courts if

3  there is an intervening change in the law, this court's

4  conclusion that it had "no jurisdiction to review orders of the

5  [c]ourt of [a]ppeals" was erroneous.  <u>Montalvo</u>, 2008 WL 4937624,

6  at *1.

7         First, while <u>Phelps</u> clearly signals a change in the law

8  of the Ninth Circuit, <u>Tomlin</u>'s <u>per se</u> analysis did not factor

9  into this court's November 17, 2008 Order.  As that Order

10 recounts, defendant's prior claim under Rule 60(b)(6) simply

11 reiterated his contention that the judgment of the court of

12 appeals was void pursuant to Rule 60(b)(4).  <u>See</u> <u>id.</u> at *2.

13 Therefore, while <u>Phelps</u> indeed modifies the application of Rule

14 60(b)(6) in certain respects, this court did not have occasion to

15 apply Rule 60(b)(6) in a manner implicated by <u>Phelps</u>'s holding.

16        Nonetheless, the instant motion indicates that the

17 court was not sufficiently indulgent when it considered

18 defendant's previous argument under Rule 60(b)(6).  Although

19 defendant did not expressly state that he sought relief under

20 Rule 60(b)(6) due to an intervening change in the law, that

21 argument was reasonably apparent from the tenor of his motion.

22 Furthermore, while the court remains skeptical as to its power to

23 declare a ruling of the court of appeals "void" under Rule

24 60(b)(4) for lack of jurisdiction,[2] defendant correctly notes

25

26        [2]    Even if this court could declare that a ruling by the
   Ninth Circuit was void for lack of jurisdiction, <u>Greenlaw</u> does
27 not provide a basis for doing so.  In that case, the Supreme
   Court expressly declined to determine whether the cross-appeal
28 rule is jurisdictional in nature.  <u>See</u> 128 S. Ct. at 2565

5

1  that <u>Phelps</u> contemplates that district courts may grant relief

2  from a final judgment under Rule 60(b)(6) where an appellate

3  court's ruling in a case has been subsequently abrogated.  <u>See</u>

4  <u>Phelps</u>, 569 F.3d at 1128-29, 1141-42 (reversing the district

5  court for failing to grant the petitioner's Rule 60(b)(6) motion,

6  which would have effectively reversed the Ninth Circuit's

7  previous determination that the petition was untimely).

8         Despite having reconsidered this aspect of the November

9  17, 2008 Order, the court nonetheless concludes that Rule

10  60(b)(6) does not provide defendant the relief he seeks because

11  the intervening authority he cites--<u>Greenlaw v. United States</u>,

12  128 S. Ct. 2559 (2008)--does not change the governing law in his

13  case.

14         In <u>Greenlaw</u>, the district court imposed a sentence on

15  the defendant of 442 months.  128 S. Ct. at 2562-63.  The

16  defendant appealed, contending that his sentence should have been

17  no longer than 180 months.  <u>Id.</u>  Although the government did not

18  file a cross-appeal, the court of appeals increased the

19

20  ("Following the approach taken in <u>Neztsosie</u>, we again need not
type the rule 'jurisdictional' in order to decide this case.").
21  Accordingly, the governing law in the Ninth Circuit continues to
provide that "a protective or cross-appeal is only the 'proper
22  procedure,' not a jurisdictional prerequisite once an initial
appeal has been filed."  <u>Mendocino Envtl. Ctr. v. Mendocino</u>
23  <u>County</u>, 192 F.3d 1283, 1298 (9th Cir. 1999) (quoting <u>Bryant v.</u>
<u>Technical Research Co.</u>, 654 F.2d 1337, 1341-42 (9th Cir. 1981));
24  <u>see</u> <u>Snider v. Sherman</u>, No. 03-6605, 2007 WL 1174441, at *17 (E.D.
Cal. Apr. 19, 2007) (Wanger, J.) ("[A] notice of cross-appeal is
25  a rule of practice that can be waived at the court's discretion,
rather than a jurisdictional requirement." (citing <u>Mendocino</u>
26  <u>County</u>, 192 F.3d at 1298)); <u>see also</u> <u>Stephanie-Cardona LLC v.</u>
<u>Smith's Food & Drug Ctrs., Inc.</u>, 476 F.3d 701, 705 (9th Cir.
27  2007) ("[A] late notice of cross-appeal is not fatal because the
court's jurisdiction over the cross-appeal derives from the
28  initial notice of appeal.").

6

1 defendant's sentence to 622 months because the district court

2 erroneously imposed a ten-year consecutive sentence instead of a

3 twenty-five year consecutive sentence.  Id. at 2563-64.  After

4 granting certiorari, the Supreme Court vacated the judgement of

5 the court of appeals under the cross-appeal rule, which instructs

6 that "an appellate court may not alter a judgment to benefit a

7 nonappealing party."  Id. at 2565.

8          Unlike Greenlaw, the court of appeals in this case did

9 not "alter" this court's judgment "to the benefit" of the

10 government.  In Greenlaw, the judgment of the court of appeals

11 effectively increased the defendant's sentence and therefore

12 increased the benefit redounding to the government; here,

13 however, the judgment of the court of appeals provided the

14 government with the identical benefit it received from the

15 judgment of this court, namely, the denial of defendant's

16 petition for habeas corpus.  As the Ninth Circuit has explained:

17          So long as the appellee does not seek to "enlarge" the
           rights it obtained under the district court judgment, or
18          to "lessen" the rights the appellant obtained under that
           judgment, appellee need not cross-appeal in order to
19          present arguments supporting the judgment.
                  Thus, if the district court enters a judgment that
20          denies all relief to a plaintiff, and the plaintiff
           appeals from that judgment, a defendant-appellee seeking
21          to uphold the judgment need not cross-appeal and may urge
           affirmance on any ground appearing in the record.  If the
22          court of appeals agrees with the plaintiff-appellant and
           alters the judgment in some way, it provides relief that
23          was not provided by the district court, and thereby
           "enlarges" the rights of the plaintiff-appellant and
24          "lessens" the rights of the defendant-appellee.  But if
           the court of appeals agrees with the defendant-appellee
25          and sustains the judgment, it only affirms what the
           district court did.  Even if it affirms on the
26          alternative ground, its decision leaves the parties where
           the district court left them.  In that event, the court
27          of appeals does not "enlarge" the rights of the
           defendant-appellee or "lessen" the rights of the
28          plaintiff-appellant.

7

1   <u>Francisco Jose Rivero v. City & County of San Francisco</u>, 316 F.3d

2   857, 862 (9th Cir. 2002) (citations omitted).  In light of this

3   explication of the cross-appeal rule, it is plain that the court

4   of appeals was not precluded from affirming this court's denial

5   of defendant's § 2255 motion on alternative grounds.

6          Accordingly, although the Ninth Circuit's recent

7   decision in <u>Phelps v. Alameida</u>, 569 F.3d 1120 (9th Cir. 2009),

8   has led the court to question part of the analysis in its

9   November 17, 2008 Order, the court will nonetheless deny

10  defendant's motion for reconsideration because <u>Greenlaw v. United</u>

11  <u>States</u>, 128 S. Ct. 2559 (2008), does not present an intervening

12  change in the law governing defendant's case.

13         IT IS THEREFORE ORDERED that defendant's motion for

14  reconsideration be, and the same hereby is, DENIED.

15  DATED:  August 20, 2009

16

17  _____

18  WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28