UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES,

        Plaintiff,

  v.

MICHAEL L. MONTALVO,

        Defendant.
                                /

NO. CR. 89-62 WBS GGH

ORDER

----oo0oo----

        In its most recent opinion, the Ninth Circuit noted that it was the seventh time it had been called upon to review the validity of Montalvo's sentence. United States v. Montalvo, __ F.3d __, No. 07-16762, 2009 WL 2950754 (9th Cir. Sept. 16, 2009). Likewise, this court is now called upon for the fourth time to reconsider the denial of his Rule 60(b) motion.

        "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3)

1

if there is an intervening change in the controlling law." <u>Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.</u>, 5 F.3d 1255, 1262 (9th Cir. 1993).

As in his motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b) and the motions to reconsider that have followed, defendant again seeks to challenge as "void" for lack of jurisdiction the ruling of the court of appeals that it was harmless error to fail to give the jury in defendant's sentencing a <u>Richardson</u> instruction. He does not present newly discovered evidence or assert that there has been an intervening change in controlling law. In the motion presently before the court, Montalvo contends that the court in its August 21, 2009 Order committed clear error when it applied <u>Greenlaw v. United States</u>, 128 S. Ct. 2559 (2008), to find that the judgment of the court of appeals "provided the government with the identical benefit it received from the judgment of this court" and denied defendant's motion for reconsideration pursuant to <u>Phelps v. Alameida</u>, 569 F.3d 1120 (9th Cir. 2009) under Federal Rule of Civil Procedure 60(b)(6). <u>United States v. Montalvo</u>, No. 89-062, Order 7-8, Docket No. 1072 (E.D. Cal. Aug. 21, 2009).

The cross-appeal rule discussed in <u>Greenlaw</u> instructs that "an appellate court may not alter a judgment to benefit a nonappealing party." <u>Greenlaw</u>, 128 S. Ct. at 2565. Montalvo incorrectly asserts that in his case, "the 'benefit' to the government <u>below</u> was a different judgment that <u>Richardson</u> was <u>Teague</u>-bar [sic], not that the constitutional error was "not harmless error." <u>United States v. Montalvo</u>, No. 89-062, Mot. for

2

Recons., (Docket No. 1073) at 7-8. Yet Greenlaw does not support this proposition. In Greenlaw, the Supreme Court determined that the court of appeals was without jurisdiction to increase a defendant's sentence from 442 months to 642 months when the government did not file a cross-appeal, because doing so increased the benefit flowing to the government. Id. at 2565.

Morley Construction Co. v. Maryland Casualty Co., 300 U.S. 185 (1937), cited by Montalvo in his most recent motion, is also inapposite. In adjudicating a surety dispute where the surety did not file a cross-appeal, the court of appeals in that case substituted a remedy of specific performance for the remedy of exoneration of liability provided by the district court, thereby increasing and altering the nature of the benefit to the surety. Id. at 189-90. The court noted that where the court of appeals altered a remedy in favor of the surety who did not cross-appeal, "there was a modification of the decree itself . . . and the relief remodeled and adapted to the new law and the new facts." Id. at 191.

Similarly, in United States v. Bajakajian, 84 F.3d 334 (9th Cir. 1996), the court of appeals determined that because the defendant-appellee failed to file a cross-appeal, the court lacked jurisdiction to set aside a district court's order that he forfeit $15,000. Id. at 338. The court of appeals noted that setting aside the order would impermissibly enlarge the appellee's benefit by $15,000 when he did not file a cross-appeal. Id.

None of these cases cited by defendant support his proposition that the court of appeals in this case erred by

3

denying his 28 U.S.C. § 2255 motion on an alternate ground. In each case, the appellee stood to realize an actual and substantive gain from the court of appeals reversing the district court. Furthermore, the court of appeals in <u>Francisco Jose Rivero v. City and County of San Francisco</u>, 316 F.3d 857 (9th Cir. 2002), stated that "[t]here is nothing in <u>El Paso</u> that limits the ability of an appellee to argue an alternative ground for affirming a district court judgment without taking a cross-appeal, when the only consequence of the court of appeals' agreement with the argument would be the affirmance of the judgment." (discussing <u>El Paso Natural Gas Co. v. Neztsosie</u>, 136 F.3d 610 (9th Cir. 1998)).

      This court denied Montalvo's 28 U.S.C. § 2255 motion, and the court of appeals affirmed on alternate grounds. Contrary to his assertions, Montalvo did not have a "right" to be heard only on the issues raised in his § 2255 appeal because the government did not file a cross-appeal. Rather, he had a right not to have the benefit to the government enlarged. <u>Greenlaw</u>, 128 S. Ct. 2559. As the Ninth Circuit has explained: "Even if [the court of appeals] affirms on the alternative ground, its decision leaves the parties where the district court left them. In that event, the court of appeals does not 'enlarge' the rights of the defendant-appellee or 'lessen' the rights of the plaintiff-appellant." <u>Francisco Jose Rivero</u>, 316 F.3d at 862 (citations omitted).

      The government did not benefit from a changed rationale for denying defendant's § 2255 motion. Since defendant was denied all relief when the district court denied his § 2255 motion, the

4

government gained nothing when the court of appeals affirmed on a different ground-defendant was still denied all relief under § 2255. As this court has previously noted, " the judgment of the court of appeals provided the government with the identical benefit it received from the judgment of this court, namely, the denial of defendant's petition for habeas corpus." United States v. Montalvo, No. 89-062, Order 7, Docket No. 1072 (E.D. Cal. Aug. 21, 2009).

Defendant also asks this court to reconsider its analysis of Richardson v. United States, 526 U.S. 813 (1999) to Montalvo's sentencing under the continuing criminal enterprise ("CCE") statute as manifestly unjust. The court of appeals, however, has decided that the failure to give a Richardson instruction to the jury was harmless error. United States v. Montalvo, 331 F.3d 1052, 1059 (9th Cir. 2003) (per curiam). It has also decided that defendant's challenge to his CCE conviction fails on the merits. United States v. Montalvo, __ F.3d __, No. 07-16762, 2009 WL 2950754 (9th Cir. Sept. 16, 2009). Because Montalvo points to no intervening law that would abrogate either of these decisions of the court of appeals under Phelps, Rule 60(b)(6) does not provide defendant the relief he seeks.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration be, and the same hereby is, DENIED

DATED:   September 24, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE