1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10
                              ----oo0oo----
11

12 UNITED STATES OF AMERICA,           NO. CR. 89-062 WBS GGH
13          Plaintiff,                 ORDER DENYING A CERTIFICATE OF
                                       APPEALABILITY
14      v.
15 MICHAEL L. MONTALVO,
16          Defendant.
                                    /
17
18                            ----oo0oo----
19          The Ninth Circuit has now had seven occasions to review
20 the validity of defendant Michael L. Montalvo's sentence, see
21 United States v. Montalvo, 581 F.3d 1147, 1148 (9th Cir. 2009),
22 and this court has considered four times the denial of Montalvo's
23 Federal Rule of Civil Procedure 60(b) motion.  Upon the Order of
24 Appellate Commissioner Peter L. Shaw, this case was remanded for
25 the limited purpose of granting or denying a certificate of
26 appealability ("COA").
27          Montalvo's first motion sought relief from the final
28 judgment of his habeas proceeding pursuant to Rule 60(b), and his

four subsequent motions sought reconsideration of the court's denial of that motion. Pursuant to Lynch v. Blodgett, 999 F.2d 401, 403 (9th Cir. 1993), a COA is required in order to appeal from the denial of a Rule 60(b) motion that sought relief from the judgment of a previous habeas proceeding.

Under Slack v. McDaniel, 529 U.S. 473 (2000), a COA should issue "when the prisoner shows, at least, that [(1)] jurists of reason would find it debatable whether the [motion] state[d] a valid claim of the denial of a constitutional right and that [(2)] jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

In the original Order denying the Rule 60(b) motion, the court held that it lacked the authority to rule that the Ninth Circuit in United States v. Montalvo, 331 F.3d 1052 (9th Cir. 2003) (per curiam), did not have jurisdiction to consider whether the failure to instruct the jury in accordance with United States v. Richardson, 526 U.S. 813 (1999), was harmless error. See United States v. Montalvo, Nos. CIV. 97-2015, CR. 89-062, 2008 WL 4937624, at *1 (E.D. Cal. Nov. 17, 2008) (Docket No. 1057). In the court's third order denying reconsideration, the court held that, "although the Ninth Circuit's recent decision in Phelps v. Alameida, 569 F.3d 1120 (9th Cir. 2009), has led the court to question part of the analysis in its November 17, 2008 Order, the court will nonetheless deny defendant's motion for reconsideration because Greenlaw v. United States, 128 S. Ct. 2559 (2008), does not present an intervening change in the law governing defendant's case." United States v.

1 | <u>Montalvo</u>, No. CR. 89-62, 2009 WL 2591356, at *4 (E.D. Cal. Aug.
2 | 21, 2009) (Docket No. 1072); see <u>Phelps</u>, 569 F.3d at 1133
3 | (holding that subsequent changes in governing law could provide
4 | relief pursuant to Rule 60(b)(6) based on a "case by case
5 | inquiry"); <u>Greenlaw</u>, 128 S. Ct. at 2564 ("Under that unwritten
6 | but longstanding rule, an appellate court may not alter a
7 | judgment to benefit a nonappealing party. . . . [I]t takes a
8 | cross-appeal to justify a remedy in favor of an appellee.").

9 |        In the fourth order denying reconsideration, the court
10 | rejected Montalvo's argument that the court had committed clear
11 | error in its third order denying reconsideration in applying
12 | <u>Greenlaw</u>. See <u>United States v. Montalvo</u>, No. Cr. 89-62, 2009 WL
13 | 3157540, at *1 (E.D. Cal. Sept. 25, 2009) (Docket No. 1076). The
14 | court also rejected Montalvo's challenge to the court's analysis
15 | of <u>Richardson</u> because Montalvo did not point to intervening
16 | authority following the Ninth Circuit deciding that failure to
17 | give a <u>Richardson</u> instruction was harmless error and that
18 | defendant's challenge to his conviction failed on the merits.
19 | <u>Id.</u> at *2 (citing <u>Montalvo</u>, 331 F.3d 1052; <u>Montalvo</u>, 581 F.3d
20 | 1147).

21 |        The court has reviewed Montalvo's motions and concludes
22 | that "jurists of reason" would not "find it debatable" that this
23 | court lacked the authority to rule that the Ninth Circuit did not
24 | have jurisdiction or that Montalvo was not entitled to relief
25 | pursuant to Rule 60(b)(6).

26 |        Accordingly, the court will not grant the COA. The
27 | Clerk of this court is directed to send a copy of this Order to
28 | the Clerk of the United States Court of Appeals for the Ninth

3

Circuit.

IT IS SO ORDERED.

DATED: June 6, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE