UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   v.<br><br>MICHAEL L. MONTALVO,<br><br>           Defendant. | NO. CR 89-00062 WBS GGH<br><br>**Court of Appeals No. 13-17469**<br><br><u>ORDER DENYING A CERTIFICATE OF APPEALABILITY</u> |

----oo0oo----

On October 16, 2013, the court denied Michael L. Montalvo's motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b).  (Docket No. 1098.) Montalvo filed a notice of appeal from that ruling on November 12, 2013, (Docket No. 1099), and now moves for a certificate of appealability ("COA"), (Docket No. 1102).

Montalvo's motion sought relief from the final judgment of his proceeding to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  A COA is required for appeals from the final order in a proceeding under § 2255, <u>see</u> 28 U.S.C. §

1

2253(c)(1)(B), as well as appeals from the denial of second or successive petitions, Jones v. Ryan, 733 F.3d 825, 833 n.3 (9th Cir. 2013). In its Order denying Montalvo's Rule 60(b) motion, this court concluded that the motion was in substance a second or successive § 2255 petition and held that the court accordingly lacked jurisdiction under § 2255(h). Therefore, the court must issue a COA before Montalvo may appeal that Order. See id. (noting COA is necessary to permit review of district court's ruling that purported Rule 60(b) motion was actually second or successive § 2255 petition).

Here, the court must conclude that no "jurists of reason" would disagree with this court's conclusion that Montalvo's motion dated March 19, 2013 amounted to a successive collateral attack under § 2255 rather than a proper Rule 60(b) motion. Montalvo does not present any plausible argument that his motion was not tantamount to a 2255 petition. He appears to contend that this court misread his motion and ruled on grounds that he did not actually raise. The court did not misread his motion. The motion did not simply seek to correct the court's ruling, in Montalvo's original § 2255 proceeding, that his due process claim was procedurally defaulted for not having been raised on appeal. In briefing his purported Rule 60(b) motion, Montalvo focused extensively on the ineffectiveness of his trial counsel and the failure of his habeas counsel to raise this claim as providing the factual basis for his motion.[1]

---

[1] The motion itself notes it was brought "pursuant to" Martinez v. Ryan, --- U.S. ----, 132 S.Ct. 1309 (2012), a case standing for the proposition that the ineffectiveness of counsel in state collateral review proceedings can excuse the default of an ineffectiveness of trial counsel claim in federal habeas court. As Montalvo concedes, the Ninth Circuit has held that Martinez

2

1            Accordingly, the court will deny a COA.  The Clerk of
2   this court is directed to forward a copy of this Order to the
3   Clerk of the United States Court of Appeals for the Ninth
4   Circuit.
5            IT IS SO ORDERED.
6    Dated:  January 13, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

does not apply to prisoners in federal custody, Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012), and recently reaffirmed the limited scope of its remedy even for state prisoners, see Jones, 733 F.3d at 835-36.