1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,

12             Plaintiff,

13      v.

14  MICHAEL L. MONTALVO,

15             Defendant.

No.  2:89-cr-00062-WBS-GGH-1

FINDINGS AND RECOMMENDATIONS

16

17        This matter was referred to the undersigned by the presiding district judge on June 1,

18  2015.[1]  ECF No. 1112.  Currently pending before the court is defendant's amended motion to

19  correct an illegal sentence pursuant to Federal Rule 35(a).[2]  ECF No. 1114.  The court finds that

20  defendant's motion is without merit and accordingly, will recommend that it be denied.  In

21  addition, the court finds that plaintiff is a vexatious litigant based on his long history of

22  inordinate, frivolous filings and recommends that he be precluded, with stated exceptions, from

23  filing future motions challenging his incarceration in this action.

24  / / /

25

26  [1]  Defendant filed a motion seeking reconsideration of the presiding district judge's referral on
June 23, 2015.  ECF No. 1117.

27  [2]  The version of Rule 35 in effect before November 1, 1987, the effective date of the Sentencing
Reform Act, applies to this case.  Thus, the court's analysis of defendant's motion will rely on

28  that prior version of the rule.

BACKGROUND

This matter arose out of the criminal conviction of defendant Montalvo for operating a continuing criminal enterprise engaged in the sale and trafficking of illegal narcotics on October 19, 1989.

As the undersigned recounted in findings and recommendations issued on August 17, 2000:

> From 1983 until his arrest on May 19, 1987, Michael Montalvo was at the helm of the "70 Company," a large and extremely well-organized cocaine distribution business based in California. Montalvo ran his drug company much like a legitimate enterprise. He required his employees to dress in business attire, to work from 8:00 a.m. until 5:00 p.m. five days a week, and to carry pagers so that they could be easily contacted. Employees of the 70 Company were forbidden to carry guns or use drugs themselves. Montalvo's business methods met with tremendous financial success; in 1985, for example, he grossed 68 million dollars in cocaine sales.
>
> . . . .
>
> A two-count superseding indictment was returned on March 3, 1989, against Montalvo, [Jennifer] Matsuzaki, [Michael] Cincola, and three other persons . . . . Count I charged all six defendants with conspiracy to distribute cocaine and to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count II charged Montalvo with operating a continuing criminal enterprise in violation of 21 U.S.C. § 848. This single drug conspiracy generated two separate criminal trials, the first involving Montalvo and Matsuzaki, the second involving [David] Bueno and Cincola.
>
> The first trial began on September 19, 1989, and the jury returned its verdict on October 19, 1989. Since Cincola was still a fugitive, he was not tried at this time. Montalvo was found guilty of operating a continuing criminal enterprise and Matsuzaki was found guilty of conspiracy. Matsuzaki and Montalvo were sentenced on January 10, 1990, with their sentences falling under the pre-Sentencing Guidelines regime. Exercising his discretion, the sentencing judge committed Montalvo to life in prison without the possibility of parole. Matsuzaki received a twenty-year sentence.

ECF No. 870 at 4–6.

Since then, defendant has filed at least six appeals, two 28 U.S.C. § 2255 petitions for writ

2

1   of habeas corpus, and six Federal Rule 35 motions.[3]  As the court will explain in more detail

2   below, all post-first appeal motions etc. have been without merit, and many of these filings re-

3   tread old ground and/or are procedurally improper.  Most recently, defendant filed a motion to

4   correct an illegal sentence pursuant to Federal Rule 35(a) on May 29, 2015.  ECF No. 1111.  On

5   June 5, 2015, defendant filed an amended motion and withdrew his previously filed motion.  ECF

6   Nos. 1114, 1115.

7                                        DISCUSSION

8   I.      Motion to Correct an Illegal Sentence

9           The court finds that defendant's Federal Rule 35(a) motion is meritless, and will

10  accordingly recommend it be denied because it is entirely duplicative of a previous Federal Rule

11  35(a) motion filed in this court.

12          Federal Rule 35(a) provides that "[t]he court may correct an illegal sentence at any time . .

13  . ." Fed. R. Crim. P. 35(a) (1987).  In Hill v. United States, the Supreme Court held that Federal

14  Rule 35 performs the "narrow function" of correcting an "illegal sentence," and is not meant to

15  permit the "re-examin[ation of] errors occurring at the trial or other proceedings prior to the

16  imposition of sentence."  368 U.S. 424, 430 (1962); see also Heflin v. United States, 358 U.S.

17  415, 418 (1959) (holding that the "only question" on a Rule 35(a) motion is "whether the

18  sentence imposed was illegal on its face").  The Court explained that a sentence is not "illegal"

19  pursuant to the rule where "[t]he punishment meted out was not in excess of that prescribed by

20  the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of

21  the sentence itself legally or constitutionally invalid in any other respect."  Hill, 368 U.S. at 430.

22          Defendant argues that his sentence was illegal because he was convicted of a crime that

23  did not appear on his indictment.  Specifically, defendant argues that he was convicted under 21

24  U.S.C. § 848(b), even though he was indicted for a violation of 21 U.S.C. § 848(a).  There are

25  numerous problems with this argument.  First and foremost, defendant made this precise

26

27  _____

    [3]  Some of the filings in this matter are so old that they have been archived and are not
    immediately available to the undersigned.  The undersigned finds, however, that there is ample
28  evidence of defendant's vexatious litigant status even without those unavailable filings.

                                            3

1    argument in a previous Federal Rule 35(a) motion that was denied by this court and affirmed on

2    appeal.  United States v. Montalvo, 581 F.3d 1147, 1154 (9th Cir. 2009).  Defendant argues that

3    the court's denial of his motion conflicts with U.S. Supreme Court precedent, including the

4    Court's recent holding in Peugh v. United States, 133 S. Ct. 2072 (2013).  However, Pugh and the

5    other cases cited by defendant concern the ex post facto clause, which defendant's motion makes

6    no mention of.  In addition, as the Ninth Circuit explained in its order affirming this court's

7    denial, regardless of whether defendant was indicted pursuant to § 848(a) or (b), his **sentence** was

8    not illegal because it was not in excess of what was prescribed by the relevant statutes.  Montalvo,

9    581 F.3d at 1152.  Both § 848(a) and (b) allow for sentences of life without parole. [4]  Id.

10   II.     Motion for Reconsideration

11           Defendant filed a motion seeking reconsideration of the presiding district judge's referral

12   of this matter to the undersigned on June 23, 2015.  ECF No. 1117.  Defendant's motion argues

13   that this matter should not be referred to the undersigned because (1) motions to correct an illegal

14   sentence pursuant to Federal Rule 35(a) are not one of the enumerated duties assigned to

15   magistrate judges in Local Rule 302(b); and (2) an Article III judge will have to adjudicate the

16   matter if defendant's Federal Rule 35(a) motion is granted and accordingly, the matter should stay

17   with an Article II judge in the interest of judicial economy.  Id.

18           Local Rule 302(b) assigns automatically certain matter to magistrate judges pursuant to 28

19   U.S.C. § 636.  "[H]owever, those described duties are not to be considered a limitation of

20   [§ 636's] general grant" of duties.  Section 636(b) states that

21              (b)(a) Notwithstanding any provision of law to the contrary—

22                 . . . .

23

---

[4]  Another reason defendant's motion must be denied is because even a cursory glance at the
24   indictment establishes his assertion that he was not indicted under § 848(b) is false.  The second
     count of the indictment encompasses 21 U.S.C. § 848.  ECF No. 1114 at 19.  The indictment
25   specifically alleges that defendant not only "knowingly and intentionally, engage[d] in a
     continuing criminal enterprise" but that he "occupied a position of organizer, supervisor, and . . .
26   manage[r]" and "obtained substantial income and resources."  Id. at 19–20.  Section 848(b)
     mandates a sentence of life in prison if "such person is the principal administrator, organizer, or
27   leader of the enterprise or is one of several such principal administrators, organizers, or leaders."
     Accordingly, it is plainly incorrect to argue that defendant was not indicted pursuant to § 848(b).

28

1
2
3
4

> (B)  a judge may . . . designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, . . . of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

5   Accordingly, Local Rule 302(b) does not limit the presiding district judge's authority to refer

6   post-trial matters to the undersigned for recommendations and in fact, that practice is expressly

7   condoned by § 636.  In addition, the court finds defendant's argument that judicial economy

8   would be best served by the presiding district judge adjudicating his motions unconvincing in

9   light of the fact that the undersigned is recommending they be denied.  Accordingly, the court

10  will recommend that defendant's motion for reconsideration be denied.

11  III.    Request for Judicial Notice

12          The court will also recommend that defendant's request for judicial notice be denied

13  because the documents he requests the court take judicial notice of do not necessarily come from

14  a source whose accuracy cannot reasonably be questioned.

15          Under Rule 201 of the Federal Rules of Evidence, a court must take judicial notice of an

16  adjudicative fact that is not subject to reasonable dispute because it is either (1) generally known

17  or "(2) can be accurately and readily determined from sources whose accuracy cannot reasonably

18  be questioned."  Fed. R. Evid. 201(b).  A court may generally take judicial notice of court

19  records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).  Defendant

20  requests that the court take judicial notice of transcripts of proceedings in United States of

21  America v. Kimbel A. Le Maux, et al., Case No. 2:90-cr-00117-WBS-JFM-3 (E.D. Cal. 2006),

22  which he has attached to his motion.  ECF No. 1119.  However, it is not readily apparent that

23  defendant's documents are court records as they are submitted without foundation.  In addition,

24  defendant has not submitted a declaration attesting that the documents are what they purport to

25  be.  In any event, none of the documents in defendant's request for judicial notice are necessary to

26  determine his motions.  Therefore, the court will recommend that defendant's request for judicial

27  notice be denied.

28  / / /

1    IV.    Vexatious Litigant

2         The court finds in light of the decades of litigation in this matter, more than 1100 docket

3    entries, and numerous repetitive and frivolous motions seeking to overturn his conviction or

4    reduce his sentence, that defendant is a vexatious litigant.  Accordingly, the court will recommend

5    that a pre-filing order be issued barring defendant from filing motions challenging his conviction

6    or sentence in this matter.

7         The All Writs Act, 28 U.S.C. § 1651, vests federal courts with the discretion to enjoin

8    certain litigants from engaging in frivolous litigation.  Molski v. Evergreen Dynasty Corp., 500

9    F.3d 1047, 1051 (9th Cir. 2007).  Litigants who abuse the judicial process by repeatedly filing

10   "unmeritorious motions, pleadings, or other papers," or engaging "in other tactics that are

11   frivolous or solely intended to cause unnecessary delay" are vexatious litigants.  Cal. Civ. Proc.

12   Code § 391 (adopted under Local Rule 151(b)).  In order to impose a limiting order on a

13   vexatious litigant, four conditions must be met: (1) the litigant must have adequate notice to

14   oppose the order; (2) an adequate record must be provided, listing the pleadings that led to the

15   court's decision that a vexatious litigant order was necessary; (3) the court must make substantive

16   findings that the filings were frivolous or harassing; and (4) the order must be narrowly tailored.

17   See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057–58 (9th Cir. 2007); DeLong v.

18   Hennessy, 912 F.2d 1144, 1147–48 (9th Cir. 1990).  Although vexatious litigant orders should

19   be made only as a last resort, Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057 (9th

20   Cir. 2014), and then only if other sanctions are not practicable, id., the following sections

21   demonstrate that the last resort finding is overdue and no useful sanctions exist which can deter

22   this prisoner serving a life sentence.[5]

23

24   _____

     [5]  The undersigned has not found published cases explicating vexatious litigant orders in criminal

25   cases.  However, there should be no hesitation to do so in cases which cry out for one.  After all,
     by statute, Congress has enacted a type of vexatious litigant order precluding successive attacks

26   on criminal convictions.  See 28 U.S.C. section 2255(h) and section 2244.  Despite the civil
     nomenclature of the habeas corpus action, it is an attack on the criminal conviction itself.  If one

27   successive action in habeas is one too many, it stands to reason that multiple, meritless, habeas-
     like motions in the criminal action itself may be prohibited.  See United States v. Sanders, 94 CR

28   328 LKK (now MCE), ECF 360, July 6, 2010 (E.D. Cal.) precluding further filings in the case.

A. <u>Procedural History</u>

Defendant has a long history of frivolous filings in this matter, most of which consist of motions to correct an illegal sentence under Federal Rule 35(a), motions for relief from judgment pursuant to Federal Rule 60, appeals, § 2255 petitions, and motions for reconsideration. In the interest of readability the court will summarize defendant's procedural history in bullet form.

- Defendant was arrested on May 19, 1989, found guilty of operating a continuing criminal enterprise on October 19, 1989, and sentenced to life in prison without the possibility of parole on January 10, 1990. ECF No. 870.

- Defendant appealed his conviction, and although the conviction was affirmed the matter was remanded for resentencing because the Court of Appeals found that the sentencing judge was not "sufficiently aware of the facts of the case." <u>United States v. Montalvo</u>, 972 F.2d 1346 (9th Cir. 1992). On January 14, 1994, the court resentenced defendant, again to life without parole. ECF No. 589. Defendant again appealed his sentence, ECF No. 590, and on January 3, 1996, the Ninth Circuit affirmed the court's resentencing, <u>United States v. Montalvo</u>, 74 F.3d 1247 (9th Cir. 1996), <u>amended</u> (June 21, 1996). In affirming the court's sentence, the Ninth Circuit rejected defendant's arguments that (1) the district court had erroneously sentenced him to a mandatory life sentence under amended 21 U.S.C. § 848(b) because the jury, rather than the sentencing judge, should have determined whether he met the requirements of subsection (b); (2) § 848(b)'s applicability to him would be an ex post facto application of the law in contravention of the Constitution because he was not involved in a Continuing Criminal Enterprise prior to October, 1986, the effective date of the amended subsection (b); (3) his resentencing was barred by double jeopardy principles because the government obtained a civil forfeiture judgment against him during the pendency of his direct criminal appeal; (4) his sentence was the result of a vindictive prosecutor; (5) the district court was insufficiently familiar with the record, relied on inadmissible evidence, and improper ex parte communication; and (6) the government's failure to examine the personnel files of two federal agents was not

7

1    harmless.  Id.  The Ninth Circuit also denied a number of defendant's other arguments

2    as waived because they were not raised in district court.  Id.

3    •   On December 23, 1994, defendant filed a motion to correct an illegal sentence

4        pursuant to Federal Rule 35(a).  ECF No. 628.  The court denied defendant's motion

5        on February 1, 1995.  ECF No. 643.

6    •   On February 18, 1997, plaintiff filed two additional Federal Rule 35(a) motions, which

7        the court denied on October 27, 1997.[6]  ECF No. 736.  On October 29, 1997,

8        defendant appealed the court's denial of his motions.  ECF No. 737.  The Ninth

9        Circuit affirmed the court's denial on January 27, 1999.  United States v. Montalvo,

10       172 F.3d 60 (9th Cir. 1999).

11   •   On October 24, 1997, defendant filed a petition for writ of habeas corpus pursuant to §

12       2255, ECF Nos. 732, 733, which he then amended on December 16, 1998, ECF No.

13       818.  On August 21, 2000, the undersigned recommended that defendant's petition be

14       denied.  ECF No. 870.  The court's lengthy findings and recommendations analyzed

15       each of defendant's many claims, most of which had already been raised in previous

16       appeals or Federal Rule 35(a) motions, and found no grounds for the granting of

17       defendant's petition.  Id.  Specifically, the court denied defendant's claims that (1) he

18       was denied due process when the government exchanged something of value for the

19       testimony of witnesses in violation of 18 U.S.C. § 201(c); (2) his conviction should be

20       overturned based on the false testimony of Gregory Woodhouse that the handwriting

21       on one set of cocaine packaging was his; (3) his conviction should be overturned

22       based on the allegation that the government had withheld evidence of a plea agreement

23       with Woodhouse; (4) his conviction should be overturned because the government

24       failed to establish venue in the Eastern District of California; (5) his due process rights

25       were violated in light of testimony from Woodhouse in another matter that allegedly

26       conflicted with his testimony in this matter; (6) a certain letter from an environmental

27

28   _____
     [6]  A third Rule 35(a) motion was filed by defendant on July 2, 1997, but was then withdrawn on
     September 26, 1997.  ECF No. 736.

                                                    8

health specialist either proved his actual innocence or established a <u>Brady</u> violation; (7) the government committed a <u>Brady</u> violation by failing to disclose an interview between Agent Stamm and the Zayante Property caretaker, Kenneth Lathrop; (8) Agent Grey's backdating of an informant's paysheet constituted a <u>Brady</u> violation and established his actual innocence; (9) the court failed to instruct the jury (a) that they had to find there was a predicate offense and that the predicate offense was "part of a continuing series of offenses," (b) that they had to unanimously agree on which of the three "series" of offenses defendant committed, and (c) on the elements of the aiding and abetting charges; (10) his due process rights were violated because there was not a specific unanimity instruction regarding the three substantive offenses counting towards the continuing criminal offense charged in light of <u>Richardson v. United States</u>, 526 U.S. 813 (1999); (11) his sentence was illegal because it was imposed by a visiting sentencing judge; (12) his sentencing pursuant to § 848(b) violated the ex post facto clause; (13) the government failed to establish the elements necessary for a life sentence under § 848; (14) his resentencing to life without parole was an act of vindictive prosecution; (15) his due process rights were violated because he was not aware when he rejected a plea deal offered by the government that he might be subject to a mandatory minimum of life in prison without parole; (16) his due process rights were violated because he was not resentenced according to the "proved facts" of the case; (17) his conviction should be overturned because of ineffective assistance of counsel and denial of his right to counsel; (18) the government committed prosecutorial misconduct based on (a) the prosecution's failure to disclose the fact that the handwriting that appeared on confiscated packages of cocaine may not have been Woodhouse's, (b) the prosecution's use of evidence that his criminal operation continued past June 30, 1986, (c) the prosecutions failure to inform the court that its allegation he earned $68 million through his continuing criminal enterprise was not presented at trial, and (d) the prosecution's alleged violation of the advocate-witness rule; (19) <u>O'Neal v. McAninch</u>, 513 U.S. 432 (1995) mandated reversal of his

9

conviction based on the constitutional errors committed at trial; and (20) the CIA's rules surrounding the reporting of federal crimes violated his rights under the Equal Protection Clause.  The court's recommendations were adopted on July 11, 2001. ECF No. 889.  Defendant then filed a motion for reconsideration of his petition, which the court denied on August 8, 2001.  ECF Nos. 891, 896.  Defendant appealed the court's order on August 23, 2001, ECF No. 902, for which the court granted a certificate of appealability, ECF No. 909.  On June 9, 2003, the Ninth Circuit affirmed the court's order.  United States v. Montalvo, 331 F.3d 1052 (9th Cir. 2003).

- On February 6, 2003, while defendant's appeal was still pending, he filed a motion to correct an illegal sentence under former Federal Rule 35(a).  ECF No. 920.  Defendant argued, as he had in previous motions and appeals, that his life sentence was invalid because the sentencing judge had sentenced him under a statute subsection not in effect at the time he was engaged in a criminal enterprise.  ECF No. 929.  The court denied defendant's motion, holding that the Ninth Circuit had already rejected this exact argument in its first order affirming the court's resentencing.  Id.  Defendant filed a motion for reconsideration of the court's order on June 19, 2003, ECF No. 931, which the court denied on August 22, 2003, ECF No. 934.  On September 2, 2003, defendant appealed the court's denial of his motion under Federal Rule 35(a).  ECF No. 936.  On June 17, 2005, the Ninth Circuit affirmed the court's denial of defendant's motion.  ECF No. 973.

- On October 4, 2004, defendant filed a fourth motion to correct an illegal sentence under Federal Rule 35(a).  ECF No. 950.  On the government's motion, the court stayed the matter until defendant's appeal on his previous Federal Rule 35(a) motion was disposed of.  ECF No. 959.  Plaintiff then filed a motion for reconsideration of the court's stay, which it denied on April 25, 2005.  ECF Nos. 962, 969.  On February 21, 2007, defendant amended his October 4, 2004, Federal Rule 35(a) motion, ECF No. 996, then amended it a second time on May 1, 2007, ECF No. 1007, and a third time on May 4, 2007, ECF No. 1010.  On June 22, 2007, the court ordered plaintiff to

refrain from further amending his motions.  ECF No. 1024.  On June 27, 2007, the court recommended that defendant's motion to correct an illegal sentence be denied.[7] ECF No. 1026.  In so doing, the court rejected defendant's arguments that his sentence was illegal because (1) his Sixth Amendment right to trial by jury was violated in light of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004); (2) the resentencing court lacked jurisdiction because the resentencing facts were "hypothetical facts" that had not been indicted or proved to a jury; (3) it violated the Double Jeopardy Clause because the resentencing court considered "hypothetical felonies;" (4) because the sentencing judge determined the end date of the continuing criminal enterprise; (5) the sentencing judge considered "other felonies" not present in his indictment; and (6) he did not have counsel of his choice at resentencing.  Id.  On August 7, 2007, the court adopted the findings and recommendations in full.  ECF No. 1034.

- On April 27, 2006, defendant filed a self-styled "motion for relief from judgment that is void for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 60(b)(4)."  ECF No. 976.  Defendant's motion argued that the trial court lacked jurisdiction over his case and accordingly, the court's adjudication of his first § 2255 petition was invalid.  ECF No. 999.  On March 23, 2007, the undersigned recommended that defendant's motion be construed as a successive petition under § 2255 and as such, denied.  Id.  On May 30, 2007, the court adopted the findings and recommendations in full.  ECF No. 1018.  On June 14, 2007, defendant filed a motion for reconsideration of the court's order.  ECF No. 1020.  The court denied defendant's motion on August 7, 2007.  ECF No. 1034.  On August 15, 2007, defendant appealed the court's order.  ECF No. 1035.  On December 18, 2009, the Ninth Circuit affirmed the court's order.  ECF No. 1079.

- On September 2, 2008, defendant filed another motion for relief from final judgment

_____

[7] The next day, the court amended its order, replacing the word "denied" with "dismissed."  ECF No. 1027.

11

under Federal Rule 60.  ECF No. 1050.  In defendant's motion he argued that the court should relieve him from the Ninth Circuit's judgment in <u>United States v. Montalvo</u>, 331 F.3d 1052, 1059 (9th Cir. 2003), which affirmed this court's denial of his first § 2255 petition, based on the contention that it violated the "cross-appeal" rule.  ECF No. 1057.  Defendant also sought relief from the court's order dismissing his first § 2255 petition pursuant to Federal Rule 60(b)(5).  <u>Id.</u>  Finally, defendant cited the foregoing arguments in his request that the court's order dismissing his first § 2255 petition be vacated pursuant to Federal Rule 60(b)(6). <u>Id.</u>  The court denied defendant's motion on November 17, 2008, because it does not have jurisdiction to review the decisions of the Ninth Circuit.  <u>Id.</u>  On December 1, 2008, defendant filed a motion for reconsideration, ECF No. 1058, which the court denied on December 16, 2008, ECF No. 1059.  Defendant appealed the court's decision on January 23, 2009.  ECF No. 1062.  On October 25, 2011, the Ninth Circuit issued an order denying a certificate of appealability and, in the process, denying all pending motions.  ECF No. 1083.

- On March 19, 2013, plaintiff filed a Federal Rule 60(b) motion for relief from judgment.  ECF No. 1085.  In his motion, defendant argued that the court's order denying his October 24, 1997, petition for writ of habeas corpus was "procedurally improper" because the court had neglected to grant him an evidentiary hearing.  <u>Id.</u> On October 16, 2013, the court denied defendant's Rule 60(b) motion, construing it as a successive § 2255 petition.  ECF No. 1098.  Defendant appealed the court's order on November 12, 2013.  ECF No. 1099.  On January 13, 2014, the court denied defendant a certificate of appealability.  ECF No. 1105.

- On June 2, 2014, while defendant's previous Federal Rule 60(b) motion was on appeal, he filed another Rule 60(b) motion for relief from judgment.  ECF No. 1107.  Defendant's motion asked the court to state either that (1) it would grant the motion if the case was remanded or (2) defendant's motion at least raised a substantial issue.  ECF No. 1108; <u>see also</u> Fed. R. Civ. P. 62.1.  The court found that defendant's motion

12

did not raise any substantial issue because it raised essentially the same arguments as

his Rule 60(b) motion on appeal and denied it on June 5, 2014.  Id.

B. Discussion

The court finds that, in light of defendant's lengthy history of non-meritorious/frivolous

filings, he qualifies as a vexatious litigant and should be barred from filing further motions

challenging his conviction and sentence in this matter.

Notice:  Defendant will have the opportunity to file objections to the undersigned's

findings and recommendations within thirty (30) days of their service.  If the district judge finds

on *de novo* review that one of the four pre-filing order requirements are not satisfied, he will not

adopt the recommendation of the vexatious litigant order.  The notice requirement is accordingly

satisfied.

Record:  The foregoing procedural history describes in detail defendant's filings in this

matter, from his conviction and resentence to his most recent Federal Rule 35(a) motion.  This

account is a sufficient record of the pleadings that led to the court's decision that a vexatious

litigant order is necessary to satisfy the Ninth Circuit's second requirement.

Frivolousness:  The court also finds that defendant's filings have been consistently non-

meritorious and frivolous.  To make a finding that defendant's claims as a whole are frivolous

"the district court needs to look at 'both the number and content of the filings.'"  De Long v.

Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990).  In other words, defendant's filings must not

only be numerous, but patently without merit.  Molski, 500 F.3d at 1059.  The vast majority of

defendant's filings challenge his sentence based on theories that are entirely frivolous, either on

their own merits or because they have already been rejected by this court and the Ninth Circuit.

For example, defendant's most recent Federal Rule 35(a) motion challenges his sentence based on

the allegation that he was sentenced, but not indicted, under § 848(b).  ECF No. 1114.  This

argument was first rejected by the Ninth Circuit on January 3, 1996, when it affirmed defendant's

resentencing.  Montalvo, 74 F.3d at *1.  In addition, as the foregoing procedural history shows,

the court has addressed this argument and slight variations thereof numerous times since then.

Another common argument the court has rejected numerous times is that the resentencing judge

1   was (for one reason or another) barred from making findings of fact upon resentencing.  ECF

2   Nos. 818, 1010.

3        Defendant has also employed arguments that even a cursory search of the record would

4   indicate are frivolous.  For example, defendant's argument in his September 2, 2008, motion for

5   relief from final judgment argued that the court should relieve him from the Ninth Circuit's

6   judgment in <u>United States v. Montalvo</u>, 331 F.3d 1052, 1059 (9th Cir. 2003), based on the

7   contention that it violated the cross-appeal rule.[8]  ECF No. 1057.  Defendant offered no authority

8   to support the proposition that the court could reverse the decision of the Ninth Circuit, nor did he

9   offer a plausible argument for why the cross-appeal rule applied.

10        In bringing these motions defendant will often cite to recent cases that, according to him,

11   overrule previous decisions of this court.  However, the cases are often irrelevant.  For example,

12   in defendant's May 4, 2007, Federal Rule 35(a) motion he argues that he was deprived of the

13   right to proceed with retained counsel, citing the Supreme Court's recent decision in <u>United</u>

14   <u>States v. Gonzalez</u>, 548 U.S. 140 (2006).  ECF No. 1010.  As the undersigned explained in its

15   findings recommending that defendant's motion be denied, his argument related to the procedures

16   used during sentencing.  ECF No. 1026.  Accordingly, defendant's argument could not form the

17   basis of a Federal Rule 35(a) motion because it did not constitute a claim that his sentence was

18   illegal **on its face**.  <u>Id.</u>  In addition, defendant consistently files motions for reconsideration that

19   do not include any new facts, changes in the law, or plausible reasons why its decision creates a

20   manifest injustice.  What's more, defendant has seen fit to file all manner of other miscellaneous

21   motions during this litigation, seemingly without any concern for their merit.  Based on

22   defendant's extensive history of frivolous filings the court finds that defendant's attempts to

23   overturn his sentence are frivolous.  The court has, in a series of orders and findings and

24   recommendations throughout this litigation, explained at length why defendant's theories do not

25   entitle him to relief.  Defendant has effectively chosen to ignore the courts explanations and

26   instructions in his efforts to overturn his conviction.

27

28   ───────────────

[8]  According to the "cross-appeal" rule "an appellate court may not alter a judgment to benefit a nonappealing party."  <u>Greenlaw v. United States</u>, 554 U.S. 237, 244 (2008).

1      Narrow Tailoring:  Finally, pre-filing orders "must be narrowly tailored to the vexatious

2  litigant's wrongful behavior."  Molski, 500 F.3d at 1061.  In addition, courts should consider

3  whether other, less restrictive options, are adequate to protect the court and parties.  See id. at

4  1058.  As the court has explained, defendant has a long history of re-litigating his sentence using

5  old arguments.  At this point in the litigation, more than two decades after defendant was

6  originally convicted, numerous § 2255 petitions, Federal Rule 35(a) motions, Federal Rule 60(a)

7  motions, motions for reconsideration, and appeals, there is little chance of defendant filing a non-

8  frivolous motion to overturn or reduce his sentence.  It is, however, nearly certain that defendant

9  will continue to challenge his sentence using recycled legal arguments until he is prevented from

10  doing so.  Accordingly, the court finds that an order barring defendant from filing further motions

11  or requests or petitions, with stated exceptions, challenging his conviction and sentence is

12  narrowly tailored to deter his wrongful behavior.  The court further concludes in light of the

13  procedural history recounted above that no less restrictive alternative will deter defendant from

14  filing more motions challenging his sentence.

15      In accordance with the foregoing, THE COURT HEREBY RECOMMENDS that:

16      1.  Defendant's amended motion to correct an illegal sentence, ECF No. 1114, be

17          DENIED;

18      2.  Defendant's motion for reconsideration, ECF No. 1117, be DENIED;

19      3.  Defendant's request for judicial notice, ECF No. 1119, be DENIED; and

20      4.  Defendant be labeled a vexatious litigant and be precluded from filing further motions

21          or requests challenging his conviction or sentence in this case or any related case,

22          except as follows:

23          Montalvo may seek review of these Findings and Recommendations;

24          With respect to a 28 U.S.C. section 2255 motion, petitioner may file such a motion if,
            and only if he files a copy of the order of the Ninth Circuit permitting a successive
25          filing; see 28 U.S.C. 2255 (h);

26          Any other filing in this case or a related case, if it is to be reviewed on the merits,
            must be accompanied with a declaration by defendant/petitioner Montalvo certifying,
27          (a) that he has not previously raised the claim(s) set forth in the filing, and setting forth
            a case or cases, by a federal appellate court or the Supreme Court, or statute, which
28          expressly permits retroactive application of an appellate/Supreme Court holding or

15

1    statute directly applicable to the claims made in the new filing, or (b) if the claim(s) made have previously been made to this court, Montalvo shall so certify and cite the appellate or Supreme Court case or statute which expressly permits retroactive application of an appellate/Supreme Court holding or statute directly applicable to the claims made in the new filing;

4    If Montalvo does not satisfy the requirements stated above, or certifies falsely, any judge of this court may reject the filing without further adjudication of the merits of the filing.

6       These findings and recommendations are submitted to the United States District Judge

7 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days

8 after being served with these findings and recommendations, any party may file written

9 objections with the court and serve a copy on all parties.  Such a document should be captioned

10 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

11 shall be served and filed within fourteen (14) days after service of the objections.  The parties are

12 advised that failure to file objections within the specified time may waive the right to appeal the

13 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

14 Dated: August 7, 2015

15                    <u>/s/ Gregory G. Hollows</u>

16                UNITED STATES MAGISTRATE JUDGE

21 GGH;017/mont62.vex