UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>v.<br><br>MICHAEL L. MONTALVO,<br><br>    Defendant/Movant. | No. 2:89-cr-00062 WBS GGH<br><br><br>FINDINGS AND RECOMMENDATIONS[1] |

*Introduction and Summary*

Conceding as he must that the *ex post facto* argument movant raises here in his Criminal Rule of Civil Procedure, Rule 35 motion has been decided adversely to him by this court and the Ninth Circuit Court of Appeals, movant Montalvo contends that a panel decision of the Ninth Circuit in another case, United States v. Forrester, 616 F.3d 929 (9th Cir. 2010), invalidates or otherwise renders inoperative the appellate decisions in this case. Petitioner adds that because he is entitled to relief, the court should resentence petitioner to time served based primarily on the

////

---

[1] Because the positions of the parties are clearly briefed and well-written, the undersigned has opted not to have an oral argument. Nothing would be gained herein, especially at this level, by a simple rehashing of the written word accompanied by the undue delay in setting a hearing date at some time in the future. Upon objections, and if the district judge so desires, a hearing may be scheduled.

1

recommendation of lower Bureau of Prisons ("BOP") officials that petitioner should be released on compassionate grounds.

Forrester cannot carry the load heaped upon it by movant. The Motion should be denied on grounds of law of the case. Indeed, this Motion is barred by law of the case twice over as the Ninth Circuit has already held that it is barred by law of the case. To the extent that the Forrester argument is a procedurally permissible, new Rule 35(a) motion, it should be denied. The undersigned makes this determination based upon the established principles:

1. Absent statutory changes, en banc Ninth Circuit decisions, or decisions of the Supreme Court, which change the law at issue in a material way, a later appellate panel cannot overrule or render ineffective a previous decision of another panel;

2. This district court cannot override the law of the case established by the Ninth Circuit in the case at bar.

The undersigned will also not reach what sentence might be imposed if this Motion had been decided favorably to petitioner.[2]

*Background*

To say that this court has reviewed movant's requests for relief from his 1990, life without

////

---

[2] The Bureau of Prisons ultimately determined in petitioner's case, despite lower officials' recommendations for a compassionate release, that the law which permitted the Bureau of Prisons to recommend to the court to issue a compassionate release did not permit such a recommendation because petitioner's conviction involved conduct prior to November 1987 [by a few months] and because his sentence was without the possibility of parole. See Motion, ECF No. 1143-2 at Exhibit 10. Previously, the court could act on compassionate release requests only on the recommendation of the Bureau of Prisons. According to United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086, fn. 1 (D. Me. July 11, 2019), after December 20, 2018, *movant* can now directly petition the court for compassionate release pursuant to 18 U.S.C. section 3582(c). It is presently unclear whether district courts now have *de novo* review of a defendant's request, and whether the BOP regulations apply at all to such requests, since it appears that the regulations are directed only at BOP initiated recommendations. It is further unclear whether regulatory deference would apply in any fashion, and whether previous decisions limiting BOP's compassionate relief determinations are limited to crimes committed after November 1987 and to only parolable offenses. See Fox, supra; see also Sims v. Holenchik, No. CV 08-0978-RGK (MLG), 2009 WL 1505175 (C.D. Cal. May 22, 2009); Sims v. Norwood, No. CV 08-0377-RGK (MLG), 2008 WL 1960127 (C.D. Cal. May 2, 2008).

However, none of these questions need be answered in that such a motion by movant is not presently before the court.

the possibility of parole sentence, on numerous occasions is a gross understatement.[3]   However, given the basis for the undersigned's recommendations—law of the case as determined by an *appellate* court, only the Ninth Circuit appellate history will be set forth here with explanatory references to district court decisions when necessary:

1. Montalvo v. United States, 951 F.2d 361 (9th Cir. 1991). Section 2255 motion is not appropriate when case is on direct appeal.

2. United States v. Montalvo, 953 F.2d 1389 (9th Cir. 1992). Section 2255 motion denied as Montalvo was not in custody for Counts 2 and 3.

3. United States v. Montalvo, 972 F.2d 1346 (9th Cir. 1992) ("Montalvo I").[4] Montalvo's direct appeal was denied on numerous grounds including the form of the indictment, double jeopardy (use of prior convictions), constructive amendment of the indictment, and jury instructions.  However, movant did win on his sentencing argument that the sentencing judge was too unfamiliar with the facts of the case to use his discretion to sentence to life without the possibility of parole. The Ninth Circuit found:

> From 1983 until his arrest on May 19, 1987, Michael Montalvo was at the helm of the "70 Company," a large and extremely well-organized cocaine distribution business based in California.

Petitioner was ultimately resentenced by the Honorable Dikran Terverzian to a mandatory life without the possibility of parole sentence pursuant to 21 U.S.C. Section 848(b). ECF No. 1143-2 at Exhibit 5. Judge Terverzian relied on the factual findings in the previous appellate decision, Montalvo I, 972 F.2d 1346, relating that the criminal enterprise continued up to May 1987, as well as evidence of a large amount of cocaine contaminated cash in the possession of movant at the time of his arrest in May of 1987, to find that sentencing pursuant to section 848(b) was not an *ex post facto* problem.  The judge found that it was the existence of the criminal organization which continued into May of 1987 which  allowed sentencing pursuant to section 848(b), and not the date of the last overt act

---

[3] Movant's initial discretionary life without the possibility of parole sentence was imposed on January 10, 1990.

[4] For some reason, the United States commences its Roman numeral labelling at this decision.

3

1 | proven with respect to movant. *This resentencing contains the basis of movant's previous and present ex post facto arguments.*

4. United States v. Montalvo, 995 F.2d 234 (9th Cir. 1993). Movant's petition for writ of coram nobis to overturn a conviction previous to the one at issue here denied.

5. United States v. Montalvo, 17 F.3d 397 (9th Cir. 1994). Movant's petition for writ of coram nobis motion seeking to invalidate a previous conviction again denied.

6. United States v. Montalvo, 74 F.3d 1247 (9th Cir. 1996) ("Montalvo III").[5] In this appeal after resentencing, see paragraph 3 above, the Ninth Circuit found in pertinent part:

> Montalvo next contends that the district court erroneously sentenced him to a mandatory life sentence under amended 21 U.S.C. § 848(b). Montalvo contends on appeal that the jury, rather than the sentencing judge, should have determined whether he met the requirements of (b). Montalvo did not raise this issue in the district court, and the district court at sentencing indicated that it was utilizing § 848(b) on account of the directions of this court in Montalvo's earlier appeal. There is no issue of statutory interpretation properly before this court at this time.
>
> Montalvo maintains that § 848(b)'s applicability to him would be an ex post facto application of the law in contravention of the Constitution. Montalvo's engagement in the Continuing Criminal Enterprise extended beyond the October, 1986 effective date of the amendment adding subsection (b). There has been no ex post facto application. *See United States v. Campanale,* 518 F.2d 352, 365 (9th Cir.1975), *cert. denied,* 423 U.S. 1050 (1976). Moreover, law of the case did not prevent the district court from resentencing Montalvo under § 848(b) because the issue of whether the section violated the ex-post facto clause was never implicitly or explicitly decided in the first sentencing or in Montalvo's prior appeal. *See United States v. Caterino,* 29 F.3d 1390, 1395 (9th Cir.1994).

7. United States v. Montalvo, 172 F.3d 60 (9th Cir. 1999) ("Montalvo IV"). The Ninth Circuit rejected claims that Judge Tervertzian had improperly denied two Fed. R. Crim. Pro 35 motions. The opinion was written in general terms: "All of Montalvo's claims on appeal lack support in the record, in our case law, or in both." The age of the record in this case does not permit the undersigned to document the contents of the two Rule 35

---

[5] There is some discrepancy with respect to the United States' listing of "Montalvo II" as a coram nobis petition. However, this discrepancy is immaterial as Montalvo II plays no role in this Rule 35 Motion. Moreover, the undersigned refers to the Montalvo cases by year of decision throughout this Findings and Recommendations.

motions.

8. United States v. Montalvo, 331 F.3d 1052 (9th Cir. 2003) ("Montalvo V"). This appeal involved movant's first 28 U.S.C. Section 2255 motion to be heard on the merits. The Section 2255 motion was brought on a myriad of grounds, but the unanimity issue of Richardson v. United States, 526 U.S. 813 (1999) (jury was required to agree unanimously and separately with respect to each of a series of violations in the continuing criminal enterprise statute) was the primary issue. The Ninth Circuit in a split decision found that the Richardson issue was not Teague barred,[6] but unanimously found Richardson error which was then determined to be harmless error.[7]

   The denial of the remainder of the section 2255 motion was upheld in its entirety, albeit without discussion. The section 2255 motion *included* the ex post facto argument currently made. See ECF No. 870 at 45-46.

9. United States v. Montalvo, 135 Fed. Appx. 90 (9th Cir. 2005) ("Montalvo VI"). In a summary affirmance, the Ninth Circuit held that movant's Fed. R. Crim. P 35(a) motion was barred by law of the case. The Rule 35 motion under review had involved movant's argument, including his *ex post facto* argument, that 21 U.S.C. Section 848(b) had been improperly applied to him. See ECF Nos. 929, 934 (decided in June and August of 2003 respectively).

10. United States v. Montalvo, 581 F.3d 1147 (9th Cir. 2009) ("Montalvo VII") (affirming ECF Nos. 1027, 1034).

    a. Movant's Rule 35(a) (pre-Sentencing Reform Act) argument that he was convicted under 21 U.S.C. Section 848(b), but that he was indicted on a violation of Section 848(a) fails on the merits; there was no material difference between the two statutory sections in movant's circumstances:

    > It appears that Montalvo argues that he was convicted of a "basic" continuing criminal enterprise pursuant to section 848(a), but

---

[6] Teague v. Lane, 489 U.S. 288 (1989) held that with limited exceptions new constitutional rules of criminal procedure were not to be applied to cases which were already finally decided. See also, Bousley v. United States, 523 U.S. 614 (1998).

[7] The district court has found that the Richardson error was Teague barred, but not harmless if the merits were to be reached.

5

> sentenced for an "aggravated" continuing criminal enterprise pursuant to section 848(b). So construed, this argument is cognizable under Rule 35(a). *Fowler*, 794 F.2d at 1449 (holding that Rule 35(a) can be used to challenge sentences that are "not authorized by the judgment of conviction").
>
> However, Montalvo's challenge fails on the merits. Even assuming that Montalvo's construction of section 848 as setting forth two distinct offenses is correct, *both 848(a) and 848(b) authorize a sentence of life imprisonment, which is precisely what Montalvo received. Contrary to Montalvo's contention, there is no material difference between the "discretionary" life term authorized by section 848(a), and the "mandatory" life term authorized by section 848(b).* As we held in a previous appeal of Montalvo's sentence, "[t]he life sentence without the possibility of parole that Montalvo received at resentencing was the same sentence he received at his earlier sentencing." *Montalvo III*, 1996 WL 2205, at *2.

5813d at 1152 (emphasis added).

   b. Movant's argument that sentencing facts were determined by a judge and not a jury were not cognizable under Rule 35(a) because it challenged the *process* of sentencing and not a sentence that was illegal on its face; such process claims had to be brought within 120 days of sentencing. Montalvo VII, 581 F.3d at 1153.

11. United States v. Montalvo, 689 Fed. Appx. 577 (9th Cir. 2017) ("Montalvo VIII"):

   > Montalvo contends that the district court erred by denying his sixth motion to correct his sentence under Rule 35(a). As we have previously determined, Montalvo has not shown that he is entitled to relief under Rule 35(a). *See* Fed. R. Crim. P. 35(a) (1987) (court "may correct an illegal sentence at any time"); *United States v. Montalvo*, 581 F.3d 1147, 1151-54 (9th Cir. 2009) (Montalvo's lifetime sentence is authorized by his statute of conviction and his process-based challenges are not properly raised under Rule 35(a)); *see also United States v. Montalvo*, 74 F.3d 1247, at *1 (9th Cir. 1996) (unpublished table decision) (Montalvo's sentence does not violate the Ex Post Facto Clause).

*Discussion*

1. A Three Judge Appellate Panel May Not Overturn The Published Holdings/Reasoning Of A Previous Three Judge Panel

In order to preclude complete appellate chaos, and to give some predictability to the law, decisions, and even explications of those decisions, of one panel may not be overturned by a later panel. Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). An exception to the rule

6

occurs when an intervening *higher* court renders a decision whose reasoning is clearly incompatible with the previous decision. Id. Thus, the published explications in movant's case bind subsequent panels unless the Ninth Circuit en banc or the Supreme Court have issued decisions not just arguably inconsistent with cases published in movant's case, or cited within unpublished Montalvo opinions, but "*clearly irreconcilable*." Id. (emphasis added).

    2. Law of the Case

There is a difference between a district court reviewing decisions in its own cases, and the unseemly review of higher court decisions by the district court. That is why the Ninth Circuit has held with only one qualification: "The law of the case doctrine requires a district court to follow the appellate court's resolution of an issue of law in all subsequent proceedings in the same case." United States ex rel. Lujan v. Hughes Aircraft Co., 243 F.3d 1181, 1186 (9th Cir. 2001). The doctrine applies to both the appellate court's "explicit decisions as well as those issues decided by necessary implication." United States v. Cote, 51 F.3d 178, 181 (9th Cir. 1995) (quoting Eichman v. Fotomat Corp., 880 F.2d 149, 157 (9th Cir. 1989)). However, "[t]he doctrine does not apply to issues not addressed by the appellate court." Lujan, 243 F.3d at 1186. See also movant's cited case Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011):

> The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 281 (9th Cir. 1996). An appellate court is not required to follow the law of the case; whether to do so is discretionary. *United States v. Lewis,* 611 F.3d 1172, 1179 (9th Cir. 2010) (citing *Messinger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912)). According to the doctrine, however, a prior decision should be followed unless (1) the decision is clearly erroneous and its enforcement would work a manifest injustice; (2) intervening controlling authority makes reconsideration appropriate; or (3) substantially different evidence was adduced at a subsequent trial. *Hegler v. Borg*, 50 F.3d 1472, 1475 (9th Cir. 1995).

Notably absent from the Ninth Circuit's holdings regarding lower court review of a higher court's decisions are the normal exceptions to law of the case applicable when the same level court is reviewing its own decisions. But even if this court were somehow free to disregard all the Ninth Circuit holdings in this case, if only the normal exceptions applied, for the reasons discussed below, law of the case would still require denial of this Rule 35 motion.

*Analysis*

The threshold issue here, as in Montalvo VII, and to which Forrester, 616 F3d 929 made no statement whatsoever, is the extent to which Rule 35(a) (Pre-Sentencing Reform Act) can be utilized at all by movant.[8] (Forrester was a case decided on direct review). Movant makes the

---

[8] RULE APPLICABLE TO OFFENSES COMMITTED PRIOR TO NOV. 1, 1987

This rule as in effect prior to amendment by Pub.L. 98-473 read as follows:

Rule 35. Correction or Reduction of Sentence

(a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(b) Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision."

For applicability of sentencing provisions to offenses, see Effective Date and Savings Provisions, etc., note, section 235 of Pub.L. 98-473, as amended, set out under section 3551 of Title 18, Crimes and Criminal Procedure. See, also, Codification note below.

ADVISORY COMMITTEE NOTES

1944 Adoption

The first sentence of the rule continues existing law. The second sentence introduces a flexible time limitation on the power of the court of reduce a sentence, in lieu of the present limitation of the term of court. Rule 45(c) abolishes the expiration of a term of court as a time limitation, thereby necessitating the introduction of a specific time limitation as to all proceedings now governed by the term of court as a limitation. The Federal Rules of Civil Procedure (Rule 6(c)), 28 U.S.C. Appendix, abolishes the term of court as a time limitation in respect to civil actions. The two rules together thus do away with the significance of the expiration of a term of court which has largely become an anachronism.

////

same error which he made in Montalvo VII in that he conflates the *per se* issue of whether the application of Section 848(b) was facially *ex post facto* (cognizable) with the issue of the procedural means by which Section 848(b) came to be applied (non-cognizable). That is, movant argues in several places that the jury never determined the end date of the continuing criminal enterprise such that it could be brought within the ambit of Section 848(b); indeed, movant argues that the jury was instructed that it did not have to determine such. See Motion, ECF No. 1143 at 11, 12, 14, 15.

The argument that the jury was instructed not to make an end date finding, or did not make an end date finding, is the identical flip side of the argument made in Montalvo VII—that the judge (not the jury) made the end date finding. Montalvo VII, 581 F.3d at 1153. The Ninth Circuit determined that such was a procedural (process) argument not cognizable under old Rule 35(a) at a time past 120 days after his 1994 re-sentencing. The present argument, indistinguishable in substance from that made in 2009, is barred by law of the case.

Even if the "jury was [mis]instructed," a mere re-wording of the argument made in 2009, was not barred by law of the case, it is barred by the reasoning of the published and binding Montalvo VII opinion. Movant's insistence that the "jury was instructed" argument is "clearly" substantive is belied by Schriro v. Summerlin, 542 U.S. 348, 353-54 (2004) (who decides—jury or judge—the nature of aggravating circumstances for purpose of imposing the death penalty (Ring v. Arizona, 536 U.S. 584 (2002)) is a procedural rule, and not retroactively applied. If

---

1966 Amendments

The amendment to the first sentence gives the court power to correct a sentence imposed in an illegal manner within the same time limits as those provided for reducing a sentence. In Hill v. United States, 368 U.S. 424 (1962) the court held that a motion to correct an illegal sentence was not an appropriate way for a defendant to raise the question whether when he appeared for sentencing the court had afforded him an opportunity to make a statement in his own behalf as required by Rule 32(a). The amendment recognizes the distinction between an illegal sentence, which may be corrected at any time, and a sentence imposed in an illegal manner, and provides a limited time for correcting the latter.

Fed. R. Crim. P. 35.

such an issue is procedural for the death penalty, it is certainly procedural for purposes of Rule 35 in movant's case. See also United States v. Sanchez-Cervantes, 282 F.3d 664, 668 (9th Cir. 2002) (Rule of Apprendi v. New Jersey, 530 U.S. 466 (2000) is a procedural matter not subject to retroactive operation for cases already final).

In movant's Reply, he apparently changes the focus of his attack from "the jury was [mis]instructed," and now stresses that the record is "undisputed" in showing that the criminal enterprise ended in 1986—before his arrest in May of 1987. Reply, ECF No. 1148 at 2, 5, 6, 7, 11, 13. However, if this is not the "reexamin[ation of] errors occurring at the trial or other proceedings prior to the imposition of sentence," [9] here, the entire trial itself and the sentencing hearing itself prior to the actual imposition of sentence, then nothing is. In order to sustain movant's contention, one would have to review the entire trial's evidentiary showings, and find insufficiency of the evidence. As late as 2009, the Ninth Circuit reiterated the record factual findings at odds with movant's present characterization of the record:

> Reviewing the trial record and our decision in Montalvo I, the district court held that "[t]here is no question that [Montalvo] met all of these criteria." [for conviction under then amended section 848(b)].
>
> The district court also rejected any Ex Post Facto Clause concerns with applying the amended statute to Montalvo's case, holding that intervening case law directs that "the revised penalties of Section 848(b) apply to any continuing criminal enterprise that extended past October 27, 1986, regardless of when it originally began." The district court concluded that "the fact that [Montalvo's] conspiracy continued until the [May 19,] 1987 arrest was established by the trial evidence and has been specifically stated by the Ninth Circuit in affirming [Montalvo's] conviction, as well as [co-defendant Jennifer] Matsuzaki's conviction."

Montalvo VII, 581 F.3d at 1149-1150.[10]

Thus, to the extent movant is arguing in his Motion that the application of Section 848(b) at issue here is *ex post facto*, i.e., unconstitutional, because the jury did not make an end date finding for the criminal conspiracy which was necessary for application of the later enacted

---

[9] Montalvo VIII, 581 F.3d at 1151 (quoting Hill v. United States, 368 U.S. 424, 430 (1962)).
[10] See also Montalvo I, at *1 (emphasis added): "From 1983 *until his arrest on May 19, 1987,* Michael Montalvo was at the helm of the '70 Company,' a large and extremely well-organized cocaine distribution business based in California."

10

Section 848(b), it is barred by law of the case, or in any event, it is not cognizable in this Rule 35 motion. To the extent that movant has changed the focus of his attack in his Reply to contesting the lack of evidence at trial to support the sentencing district court's record findings, adopted for decades by the Ninth Circuit, his contest of the underlying record is not cognizable under old Rule 35(a).[11] It is way too late to be arguing sufficiency of the evidence.

Movant must then rely, as he does, by arguing throughout the Motion and Reply that movant's sentence is *ex post facto* on its face because of the intervening law set forth in United States v. Forrester. Although movant's argument is not illogical, it is inapposite, or at best insufficient, to overrule Circuit precedent applicable here, and ultimately fails because movant cannot shed the record factual findings of the Montalvo courts.

The panel in United States v. Forrester would be surprised to understand that its opinion wrought watershed changes to Circuit *ex post facto* precedent utilized by the Montalvo I court. The Forrester section on *ex post facto* comprised but a short portion of the opinion, and did not purport by its very language to change anything. It cited a Supreme Court case setting forth a garden variety *ex post facto* definition, and then it went on to review an older less stringent Sentencing Guidelines provision and application of a later more stringent change to the Sentencing Guidelines—in a guilty plea context *where there were no factual findings* on the end date of a conspiracy which could warrant imposition of the stricter Guideline. It also found that the end date of a conspiracy, unlike an overt act, was not "relevant conduct" for application of a Guideline. In its own wording, the Guidelines conundrum was a "novel issue" for *Guidelines* application.

Such an opinion did not purport to change longstanding Circuit precedent on whether an amendment to statutory law could apply to an end date of a continuing criminal enterprise. It is not "clearly irreconcilable" with United States v. Campanale, 518 F.2d 352, 365 (9th Cir. 1975), *the* case relied upon by Montalvo III when it found that the resentencing under the mandatory life

---

[11] Clearly, one cannot use old Rule 35(a) at this time to bring a sufficiency of the evidence argument which could only be brought on direct review or perhaps in a 28 U.S.C. Section 2255 habeas petition. Johnston v. United States, 331 F.2d 997, 998 (10th Cir. 1964).

11

imprisonment provision of Section 848(b) was not *ex post facto*. "It is well established that a statute increasing a penalty with respect to a criminal conspiracy which commenced prior to, but was continued beyond the effective date of the statute, is not ex post facto as to that crime." Campanale, 518 F.2d at 365. The Forrester panel could not, and did not, overrule or abrogate Campanale. In order to have done so, Forrester would have had to rely on intervening higher authority "clearly irreconcilable" with the previous precedent; Forrester *cannot be the "intervening authority" itself*.[12] The bottom line for this case is that Montalvo III properly relied upon Campanale and its previous factual finding set forth in Montalvo I (based on the trial judge's findings), that the end date of the continuing criminal enterprise was May, 1987, which permitted the application of section 848(b)'s mandatory life provisions because at least some of the criminal enterprise activity post-dated the amendment to the statute. This same factual finding was reiterated in Montalvo VII.

Closer to the *ex post facto* mark, but ultimately unavailing, are movant's citations to various cases to the effect that an *ex post facto* violation can occur even in the absence of an actual increase in punishment, i.e., a change from discretionary punishment to mandatory punishment might stand as the basis for an *ex post facto* violation. See, e.g., Lindsey v. Washington, 301 U.S. 397, 400 (1937); Williams v. Roe, 421 F.3d 883, 887 (9th Cir. 2005); and other cases cited. The Reply takes aim at the United States' apparent argument that because the Ninth Circuit had found that there was no material difference in the first life sentence movant received under the old law and the same one he received under the new law, see Montalvo VII and Montalvo III, there was no *ex post facto* violation. See Opposition, ECF No. 1147 at 9. However, the Reply correctly observes that such statements by the Ninth Circuit were not issued with respect to any *ex post facto* claim. So, the argument of the United States may be misplaced and movant correct in the abstract—but so what? The sole basis for deciding the *ex post facto* claim in Montalvo III was the finding that the criminal enterprise had continued after the effective

---

[12] If the case were otherwise, the most recent panel decision would always trump prior precedent because it was "clarifying" Circuit precedent. There must be a discussion in the more recent case that *intervening higher authority* compels the departure from precedent. No such discussion was set forth in Forrester.

date of the applied Section 848(b)'s mandatory life provisions, and *not* the fact that Montalvo had received, in essence, the same life imprisonment in both sentencings.

Thus, law of the case again compels the conclusion that to the extent movant raises a procedurally proper Rule 35(a) challenge to his sentence as facially invalid under the *Ex Post Facto* Clause of the Constitution, that matter has been decided. Movant cannot ask this court to reverse, vacate, or ignore the decisions of the Ninth Circuit in this case. Even if the district court could conclude that intervening authority had made adherence to the law of the case as set forth by the Ninth Circuit clearly erroneous, neither Forrester nor other authority cited by movant is that intervening *higher* authority.

Moreover, even in analyzing the pertinent exception to law of the case, there is no gross miscarriage of justice in the application of movant's mandatory sentence. This is where the "no material difference in sentences" found by the Ninth Circuit does come into play. In the absence of an erroneous punishment which is glaring because of its *actual,* real world prejudice, it is difficult to find a fundamental unfairness in what the trial judge did in this case decades ago.

Finally, if we have learned anything from what is termed a national crisis with the use of opioids (or other significantly debilitating illegal drugs), it is that drug trafficking such as that organized by movant here is not victimless and ruins many lives, or even takes them. While we will never know the actual extent to which these tragedies occurred because of the work of the "70 Company," such surely happened. A life sentence, whether discretionary or mandatory in its imposition, is not a miscarriage of justice.

*Conclusion*

Based on the foregoing, the undersigned will recommend denial of movant's motion as barred by law of the case. Alternatively, to the extent that reliance on Forrester is a new wrinkle in the ongoing Montalvo saga, properly reviewed at this late date as a facial *ex post facto* attack on movant's sentence, the undersigned recommends denial of the motion on this ground as well.

Accordingly, IT IS HEREBY RECOMMENDED that movant's pre-Sentencing Reform Act Rule 35(a) Motion, ECF No. 1143, be denied.

These findings and recommendations are submitted to the United States District Judge

1 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days
2 | after being served with these findings and recommendations, any party may file written
3 | objections with the court and serve a copy on all parties. Such a document should be captioned
4 | "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
5 | shall be served and filed within fourteen days after service of the objections. The parties are
6 | advised that failure to file objections within the specified time may waive the right to appeal the
7 | District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 26, 2019

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE